ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL IV**

| | | |
|---|---|---|
| **HERIBERTO CALDERÓN CLEMENTE**<br>APELANTE(S)-RECURRENTE(S)<br><br>V.<br><br>**DEPARTAMENTO DEL TRABAJO Y RECURSOS HUMANOS [NEGOCIADO DE SEGURIDAD DE EMPLEO (NSE)]**<br>APELADA(S)-RECURRIDA(S) | **KLRA202200525** | *Revisión de Decisión Administrativa* procedente del Negociado de Seguridad de Empleo<br><br>Civil Núm.:<br>**F-03406-21 (403)**<br><br>Sobre:<br>Inelegibilidad a los Beneficios de Compensación por Desempleo |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos, y la Jueza Rivera Pérez.

Barresi Ramos, juez ponente.

## S E N T E N C I A

En San Juan, Puerto Rico, hoy día 31 de enero de 2023.

El señor **Heriberto Calderón Clemente** (señor **Calderón Clemente**) comparece ante este Tribunal de Apelaciones, por derecho propio e *in forma pauperis*, mediante *Recurso de Revisión Administrativa* incoado el 27 de septiembre de 2022. En su escrito, nos solicita que revisemos la *Decisión del Secretario del Trabajo y Recursos Humanos en Reconsideración* (*Decisión*) determinada el 15 de agosto de 2022 por el Negociado de Seguridad de Empleo (NSE) del **Departamento del Trabajo y Recursos Humanos** (**DTRH**).[1] Mediante dicha *Decisión*, el **DTRH** declaró no ha lugar la solicitud de reconsideración presentada por el señor **Calderón Clemente**.

A continuación, exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

---

[1] Este dictamen fue notificado y archivado en autos el 16 de agosto de 2022. Véase Apéndice del *Recurso de Revisión Administrativa*, págs. 2- 3.

# I.

El señor **Calderón Clemente** reclamó los beneficios del seguro por desempleo ante el **DTHR**. El 8 de octubre de 2021, el NSE emitió una *Notificación* en la cual expuso:[2]

> Usted dejó su trabajo porque su condición física le impedía continuar en el mismo. No existe evidencia médica que así lo demuestre. Se considera que abandono un trabajo adecuado voluntariamente y sin justa causa. Se descalifica desde 04/25/21 e indefinidamente hasta tanto trabaje en empleo cubierto durante un periodo no menor de cuatro semanas y gane diez veces su beneficio semanal. [...] El periodo de apelación de esta determinación termina en: 23/10/21.

El 20 de octubre de 2021, el señor **Calderón Clemente** presentó una *Solicitud de Audiencia*.[3] Así las cosas, el 25 de octubre de 2021, NSE emitió una *Orden y Señalamiento de Audiencia ante el Árbitro Audiencia Telefónica* pautando el señalamiento para el 10 de noviembre de 2021 a la 1:00 de la tarde.[4] Más tarde, el 30 de noviembre de 2021, NSE expidió una segunda *Orden y Señalamiento de Audiencia ante el Árbitro Audiencia Telefónica* pautando el señalamiento para el 14 de diciembre de 2021 a las 9:00 de la mañana.[5] Ambas órdenes del NSE fueron notificadas a la dirección del señor **Calderón Clemente**: **PO Box 964 Luquillo, PR 00773**. Posteriormente, se celebró la audiencia ante el árbitro y, el 20 de diciembre de 2021, se decretó *Resolución* en la cual se encontró probado que el motivo de la renuncia obedece a motivos de salud; y el señor **Calderón Clemente** aduce que por su condición de salud tuvo que presentar la renuncia. Empero, no tenía recomendación médica de renunciar.[6] Además, concluyeron que el señor **Calderón Clemente** no realizó un esfuerzo razonable para retener su empleo y abandonó un empleo adecuado sin justa causa.

Ante esta situación, el 11 de enero de 2022, el señor **Calderón Clemente** presentó *Solicitud de Apelación ante el Secretario (Casos NSE)* en

---

[2] Véase Apéndice del *Recurso de Revisión Administrativa*, págs. 68- 69.
[3] *Íd.*, págs. 66- 67.
[4] *Íd.*, págs. 56- 57.
[5] *Íd.*, págs. 52- 53.
[6] *Íd.*, pág. 22. Esta *Resolución* fue dictada el 14 de diciembre de 2021, notificada el 20 de diciembre de 2021.

la cual expresó su interés de apelar el dictamen de 14 de diciembre de 2021 debido a que no se tomó en consideración una información adicional que el poseía.[7] El 14 de marzo de 2022, el **DTRH**, a través de la Secretaría Auxiliar de Asuntos Legales y Normas, dispuso *Orden de Señalamiento Audiencia Telefónica* en la cual se señaló audiencia ante el Secretario del Trabajo y Recursos Humanos para el 29 de marzo de 2022 a las 9:30 de la mañana.[8] El mismo día de la audiencia, se pronunció *Decisión del Secretario del Trabajo y Recursos Humanos* en la cual se expuso lo siguiente:

> "...se confirma la Resolución de la División de Apelaciones a tenor con la Ley de Seguridad de Empleo de Puerto Rico. La Decisión emitida en este caso es solamente a los efectos de la Ley de Seguridad de Empleo de Puerto Rico (29 LPRA Secciones 701 y sig.)."[9]

Luego, el 22 de abril de 2022, el señor **Calderón Clemente** presentó *Solicitud de Apelación ante el Secretario (Casos NSE)* para apelar la *Decisión* dictada el 30 de marzo de 2022.[10] En esta, el señor **Calderón Clemente** expuso las condiciones de trabajo por las que estuvo pasando mientras estaba empleado y alegó que su renuncia fue justificada. El 15 de agosto de 2022, NSE suscribió *Decisión del Secretario del Trabajo y Recursos Humanos* impugnada en la cual concluyó:

> "El reclamante no ha presentado justa causa por lo cual no compareció a la vista ante la Jueza Administrativa el 29 de marzo de 2022. [...] Se declara **No Ha Lugar** la solicitud de Reconsideración presentada por la parte reclamante. La Decisión emitida en este caso es solamente a los efectos de la Ley de Seguridad de Empleo de Puerto Rico (29 LPRA Secciones 701 y sig.)."

Inconforme con dicho dictamen, el 27 de septiembre de 2022, el señor **Calderón Clemente** instó *Recurso de Revisión Administrativa*.

El 7 de octubre de 2022, intimamos una *Resolución* en la cual, entre otras cosas, le requerimos al señor **Calderón Clemente** presentar y/o suministrar **copia legible** del sobre conteniendo matasello del servicio

---

[7] *Íd.*, págs. 6- 8.
[8] Véase Apéndice del *Recurso de Revisión Administrativa*, págs. 14- 17.
[9] *Íd.*, págs. 11- 13. Esta *Decisión* fue notificada y archivada en autos el día 30 de marzo de 2022.
[10] *Íd.*, págs. 4- 5.

postal en el cual recibió la *Decisión del Secretario del Trabajo y Recursos Humanos*.

El 12 de octubre de 2022, el señor **Calderón Clemente** presentó su *Moción en Cumplimiento de Orden*. Sin embargo, no acompañó documento alguno que mostrara el matasello del servicio postal. Ante ello, el 14 de octubre de 2022, pronunciamos una *Resolución* en la cual le concedimos un plazo perentorio diez (10) días para que presentara o suministrara la documentación requerida.

El 24 de octubre de 2022, el Negociado de Seguridad de Empleo (NSE) presentó una *Moción Informativa y en Solicitud de Remedio*.

Después, el 28 de octubre de 2022, el señor **Calderón Clemente** presentó su *Moción en Cumplimiento de Orden* acompañada de copia del sobre mostrando el matasello del servicio postal.

Evaluado concienzudamente el expediente del caso, nos encontramos en posición de resolver. A continuación, exponemos las normas de derecho pertinentes a la controversia planteada.

## II.

### A.    Jurisdicción

La *jurisdicción* es el poder o autoridad con el que cuenta un tribunal para considerar y decidir los casos, así como controversias ante su consideración.[11] Por lo que, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una controversia.[12]

Es por esto, que los tribunales deben ser celosos guardianes de su *jurisdicción*. Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Las cuestiones de *jurisdicción* por ser privilegiadas deben ser resueltas con preferencia. En definitiva, por tratarse de una cuestión de umbral en todo

---

[11] *Allied Management Group, Inc. v. Oriental Bank,* 204 DPR 374, 385- 386 (2020)*; Beltrán Cintrón v. ELA,* 204 DPR 89 (2020); y *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 499-500 (2019).
[12] *Allied Management Group, Inc. v. Oriental Bank, supra*.

procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[13]

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: (1) priva a un foro judicial del poder necesario para adjudicar una controversia; (2) los tribunales no poseen discreción para asumirla cuando no la tienen; (3) no es susceptible de ser subsanada; (4) las partes no pueden conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (5) conlleva la nulidad de los dictámenes emitidos; (6) se impone a los tribunales el ineludible deber de auscultar su propia jurisdicción —y a los tribunales apelativos la obligación de examinar la jurisdicción del foro de donde procede el recurso—; (7) las cuestiones jurisdiccionales deben ser resueltas con preferencia sobre otros asuntos, y (8) su alegación puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.[14]

De otra parte, la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU)[15] establece el término jurisdiccional que tiene una parte afectada para solicitar la revisión judicial de una determinación de un organismo administrativo:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, **dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título**, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. 3 LPRA § 9672 (énfasis suplido).

---

[13] *Allied Management Group, Inc. v. Oriental Bank* supra, págs. 386- 387; *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 499- 501 (2019).

[14] *Beltrán Cintrón v. ELA*, supra; *Allied Management Group, Inc. v. Oriental Bank, supra,* págs. 386- 387.

[15] Ley Núm. 38-2017, 3 LPRA sec. 9672.

**B.**

Los requisitos aplicables sobre el perfeccionamiento de un recurso de apelación, *certiorari* o revisión judicial están contenidos en el Reglamento del Tribunal de Apelaciones de 2004; la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, según enmendada; y en las Reglas de Procedimiento Civil de 2009, según enmendadas. Nuestro Tribunal Supremo ha establecido que los litigantes deben observar rigurosamente las disposiciones reglamentarias sobre el perfeccionamiento de sus recursos.[16]

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones[17] faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B).[18] "Una de las instancias en la que un foro adjudicativo carece de *jurisdicción* es cuando se presenta un recurso tardío o prematuro, ya que éste adolece del grave e insubsanable defecto de privar de *jurisdicción* al tribunal al cual se recurre".[19] Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), *"sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*.[20] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[21] En definitiva, una vez un tribunal determina que no tiene *jurisdicción*, *"procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos"*.[22]

---

[16] *Lugo Rodríguez v. Suárez Camejo*, 165 DPR 729, 737 (2005).

[17] 4 LPRA Ap. XXII-B.

[18] Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico"*.

[19] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 269 (2018) (comillas omitidas).

[20] *S.L.G. Szendrey-Ramos v. F. Castillo Family Properties Inc.*, supra.

[21] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo*, supra.

[22] *S.L.G. Szendrey-Ramos v. F. Castillo Family Properties Inc.*, 169 DPR 873, 883 (2007).

**III**.

En el presente caso, el 15 de agosto de 2022, el **DTRH** dispuso la *Decisión del Secretario del Trabajo y Recursos Humanos* recurrida que fuese notificada y archivada en autos el 16 de agosto de 2022. A partir de este momento, el señor **Calderón Clemente** disponía de un término jurisdiccional de treinta (30) días para presentar su recurso de *Revisión Administrativa*. Dicho término venció el 15 de septiembre de 2022. Surge que el día 27 de septiembre de 2022, el señor **Calderón Clemente** presentó su *Recurso de Revisión Administrativa.* Por lo que, es forzoso colegir que el señor **Calderón Clemente** no cumplió con nuestras disposiciones reglamentarias. Esto es, presentó su recurso **fuera del término prescrito de treinta (30) días** por nuestro ordenamiento. Este incumplimiento nos priva de *jurisdicción* para atender la controversia planteada. En consecuencia, procede la *desestimación* del recurso de revisión de decisión administrativa por falta de *jurisdicción*.

**IV.**

Por los fundamentos antes expuestos y en conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, se *desestima* por falta de *jurisdicción* el *Recurso de Revisión Administrativa* instado el 27 de septiembre de 2022 por el señor **Calderón Clemente**; y ordenamos el cierre y archivo del presente caso.

**NOTIFÍQUESE INMEDIATAMENTE**.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones