EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Rafael Lugo Rodríguez, et al<br><br>Recurridos<br><br>v.<br><br>Isidro Suárez Camejo, et al<br><br>Peticionarios | Certiorari<br><br>2005 TSPR 136<br><br>165 DPR _____ |

Número del Caso: CC-2003-564

Fecha: 19 de septiembre de 2005

Tribunal de Apelaciones:

> Circuito Regional VI de Caguas, Humacao y Guayama

Panel integrado por su Presidente, Juez Soler Aquino y los Jueces Colón Birriel y Escribano Medina

Abogado de la Parte Peticionaria:

> Lcdo. Ovidio Zayas Rivera

Abogado de la Parte Recurrida:

> Lcdo. José O Ayala Prats
> Lcda. María del Carmen Toro Vélez

Materia: Injuction

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rafael Lugo Rodríguez, et al

     Recurridos

        v.                    CC-2003-564

 Isidro Suárez Camejo, et al

     Peticionarios

Opinión del Tribunal emitida por el Juez Asociado señor Rivera Pérez.

San Juan, Puerto Rico, a 19 de septiembre de 2005.

Mediante el recurso presentado ante nos, los peticionarios solicitan de este Tribunal la revisión de la Resolución emitida por el entonces Tribunal de Circuito de Apelaciones el 11 de abril de 2003, mediante la cual se desestimó el recurso de *Certiorari* presentado por dichos peticionarios, por no haberse notificado copia del mismo al Tribunal de Primera Instancia dentro del término de cuarenta y ocho (48) horas que dispone el Reglamento de dicho foro intermedio apelativo.

I

La demanda en el presente caso fue radicada en el Tribunal de Primera Instancia el 23 de marzo de 2000, en contra de varias personas naturales y jurídicas. La misma contenía varias causas de acción, todas relacionadas con un proyecto de construcción de viviendas llamado Santa Marina II, localizado en el Municipio de Quebradillas, Puerto Rico.[1]

Entre los demandantes se encontraba la señora Diana Arrillaga, esposa del demandante Rafael Lugo Rodríguez. Durante el trámite del caso, la señora Arrillaga falleció y aunque nunca se radicó moción de sustitución de parte, se anunció que su hijo, Rafael Lugo Arrillaga, residente del estado de Virginia en los Estados Unidos, la sustituiría.[2]

La parte allí demandada le solicitó al Tribunal de Primera Instancia se le impusiera al señor Lugo Arrillaga el depósito de fianza de no residente, tal como requiere la Regla 69.5 de Procedimiento Civil.[3] Así las cosas, el Tribunal ordenó el depósito de una fianza de mil (1,000) dólares.[4]

Alegadamente la fianza de no residente impuesta fue depositada el 6 de septiembre de 2002, sin haberse pedido

---

[1] Recurso de Certiorari, pág. 2.

[2] Íd.

[3] 32 L.P.R.A. Ap. III R. 69.5.

[4] Véase Minuta del 1 de mayo de 2002, Apéndice del recurso de Certiorari, págs. 9-10.

prórroga alguna para un depósito tardío.[5] La parte demandada arguyó que el Tribunal de Primera Instancia ordenó el pago de la fianza de no residente el 1 de mayo de 2002, por lo que el término de noventa (90) días que tenían los demandantes para pagar la fianza comenzó a correr el 2 de mayo de 2002 y tenían hasta el 2 de agosto de 2002 para depositarla.[6]

La parte demandada presentó una moción solicitando la desestimación del caso por tal depósito tardío de la fianza de no residente. El día 17 de septiembre de 2002, el Tribunal de Primera Instancia dictó una orden dando por prestada la fianza y ordenando la continuación de los procedimientos. El 27 de noviembre de 2002, el foro primario declaró no ha lugar la moción de desestimación presentada por los demandados y nuevamente ordenó que se continuaran los procedimientos.

Así las cosas, el 14 de enero de 2003, los demandados presentaron ante el entonces Tribunal de Circuito de Apelaciones un recurso de *certiorari*. Señalaron como error lo siguiente:

> Erró el Honorable Tribunal de Instancia al denegar la desestimación del presente caso en que se depositó tardíamente una fianza de no residente según la Regla 69 de procedimiento Civil y haciendo caso omiso de la jurisprudencia vigente.[7]

---

[5] Íd., págs. 20-21; Recurso de <u>Certiorari</u>, págs. 2-3.

[6] Íd.

[7] Apéndice del recurso de <u>Certiorari</u>, pág. 21.

La parte allí peticionaria, en su petición de *certiorari*, no certificó haber notificado con copia del recurso al tribunal recurrido, tal como lo requería la Regla 33 (A) del Reglamento del Tribunal de Circuito de Apelaciones, entonces vigente.[8] Ante tal situación, el foro intermedio apelativo emitió una resolución el 6 de febrero de 2003, concediéndole a la parte allí peticionaria un término de cinco (5) días para acreditar la notificación al Tribunal de Primera Instancia.

El 11 de marzo de 2003, la parte allí peticionaria presentó una "Moción en Cumplimiento de Orden" y adjuntó un documento de la secretaría del Tribunal de Primera Instancia para acreditar que dicho foro fue notificado con copia del recurso de *Certiorari* el 21 de enero de 2003.[9] El licenciado Ovidio Zayas Rivera sometió como anejo copia de una certificación médica de la Sala de Emergencias del Hospital Menonita en Cayey, con el propósito de acreditar que había llevado a su esposa a dicha institución, por lo que no había podido notificar el recurso al Tribunal de primera Instancia.[10] Alegó en la moción lo siguiente:

> TERCERO: La razón para no haberlo radicado antes es que nuestra esposa fue recluída [sic] en la Sala de Emergencia del Hospital Menonita

---

[8] 4 L.P.R.A. Ap. XXII R. 33 (A); Íd., pág. 42.

[9] Apéndice del recurso de Certiorari, pág. 42. Véase "Moción en Cumplimiento de Orden", 6 de marzo de 2003, radicada el 11 de marzo de 2003; Anejo 1 de la "Moción en Cumplimiento de Orden" (Autos del entonces Tribunal de Circuito de Apelaciones).

[10] Anejo 2 de la "Moción en Cumplimiento de Orden", *supra*.

de Cayey en **15 de enero** un día después de haberse radicado ante este Honorable Tribunal y dentro del término de 48 horas para radicarlo ante TPI. Por la gravedad de su condición, al no haber cama disponible en el mismo Hospital en Cayey, donde residimos, tuvo que ser trasladada al mismo Hospital, pero en el Municipio de Aibonito, donde permaneció recluída [sic] hasta el día 30 de enero.

CUARTO: Como podrá concluir el Honorable Tribunal, teníamos hasta el día 16 del mismo mes para radicar, pero, por razón de su condición, nos veíamos en la situación de tener que trasladarnos a Aibonito todos los días a acompañarla en el Hospital, ya que vivimos los dos solos y es nuestra exclusiva responsabilidad su atención.[11]

El 11 de abril de 2003, el entonces Tribunal de Circuito de Apelaciones dictó una Resolución desestimando el recurso de C*ertiorari*. Expresó que del documento del Hospital Menonita sometido, el nombre de la paciente hospitalizada no aparece muy legible, pero que definitivamente no es el de la esposa del allí peticionario, señora Astrid Llavina Stoddard. El foro intermedio apelativo entendió que el escrito se refería a la esposa del peticionario cuando en realidad se refiere a la esposa de su abogado, el licenciado Ovidio Zayas Rivera. Por incumplir con el término de cumplimiento estricto para notificar al Tribunal recurrido, según la Regla 33 (A) del Reglamento del Tribunal de Circuito de Apelaciones, *supra*, y por entender que el allí peticionario no justificó la demora de tal notificación a satisfacción del Tribunal, el foro intermedio apelativo desestimó el recurso de C*ertiorari*, a tenor con lo

---

[11] "Moción en Cumplimiento de Orden", *supra*, pág. 1.

dispuesto en la Regla 83 (B)(3) del Reglamento del Tribunal de Circuito de Apelaciones, *supra*.

Inconforme, el 5 de mayo de 2003, la parte allí peticionaria le solicitó al entonces Tribunal de Circuito de Apelaciones la reconsideración de su determinación. En la misma, el abogado de los peticionarios, licenciado Ovidio Zayas Rivera, expuso que el 14 de enero de 2003, fecha en la que radicó el recurso de *certiorari* en el entonces Tribunal de Circuito de Apelaciones, su esposa, señora Norma Mercado Cartagena, quien padece de problemas respiratorios crónicos, se sintió enferma. Adujo que al día siguiente, 15 de enero de 2003, tuvo que permanecer junto a ella en el hogar y luego llevarla a la Sala de Emergencia del Hospital Menonita de Cayey. La señora Mercado Cartagena fue admitida con diagnóstico de asma hasta el día siguiente, 16 de enero de 2003, día en que fue trasladada en ambulancia al Hospital Menonita de Aibonito, donde fue admitida sufriendo una condición agravada, con diagnóstico de "Bronquial Asma, Exacerbation R/O Broncopneumonia" y permaneció hasta el 30 de enero de 2003.[12] Arguyó que él y su esposa viven solos, por lo que él tiene la obligación de atenderla en todos los aspectos y debido a su condición de salud, tenía que permanecer a su lado, impidiendo la notificación oportuna al Tribunal de Primera Instancia.[13] El licenciado Zayas Rivera concluyó su solicitud aduciendo haber demostrado

---

[12] Apéndice del recurso de <u>Certiorari</u>, págs. 48-49.

[13] Íd.,págs. 44-47.

detalladamente las razones que existieron para la dilación en la notificación del recurso al foro primario y de esta forma haber acreditado de manera adecuada la existencia de justa causa para tal demora.

Junto con la "Moción Solicitando Reconsideración", se sometieron dos documentos: (1) Un certificado del cual surge que la señora Norma Mercado Cartagena, quien es la esposa del licenciado Ovidio Zayas Rivera, fue admitida en la Sala de Emergencias del Hospital General Meninota de Cayey el 15 de enero de 2003 y dada de alta el 16 de enero de 2003; y (2) un registro de pacientes del Hospital General Menonita de Aibonito, del cual surge que la señora Norma Mercado Cartagena, esposa del licenciado Ovidio Zayas Rivera, fue admitida a dicha institución el 16 de enero de 2003 con el diagnóstico de "Bronquial Asma, Exacerbation R/O Broncopneumonia" y que fue dada de alta el 30 de enero de 2003.[14]

El 30 de mayo de 2003, el entonces Tribunal de Circuito de Apelaciones emitió Resolución, archivada en autos copia de su notificación a las partes el 17 de junio de 2003, declarando no ha lugar a la solicitud de reconsideración.

Inconformes con la decisión del entonces Tribunal de Circuito de Apelaciones, el 17 de julio de 2003, los allí peticionarios, señor Isidro Suárez Camejo, *et al*, acuden

---

[14] Íd., págs. 48-49

ante nos mediante el presente recurso de *Certiorari*, alegando la comisión de los errores siguientes:

**Erró el Honorable Tribunal Apelativo al desestimar el presente recurso por notificación tardía al Honorable Tribunal de Primera Instancia.**

**Erró el Honorable Tribunal de Instancia así como el Tribunal de Circuito al denegar la desestimación del presente caso en que depositó tardíamente una fianza de no residente según la Regla 69 de Procedimiento Civil y haciendo caso omiso de la jurisprudencia vigente.**

Expedimos el recurso de *certiorari* el 24 de septiembre de 2003. La parte recurrida no compareció para presentar su alegato dentro del término de veinte (20) días concedido, por lo que el caso quedó sometido en los méritos para su adjudicación por este Tribunal el día 23 de diciembre de 2004.

II

La Regla 33(A) del Reglamento del Tribunal de Circuito de Apelaciones, entonces vigente, dispone lo siguiente:

**Regla 33. Presentación y notificación**

(A) *Manera de presentarlo.*-Los escritos iniciales de *certiorari* que se sometan a la consideración del Tribunal de Circuito de Apelaciones, y sus copias, podrán presentarse en la Secretaría del Tribunal de Circuito de Apelaciones o en la Secretaría de la sede del Tribunal de Primera Instancia en la cual se resolvió la controversia objeto de revisión. Una u otra forma de presentación tendrá todos los efectos de ley.

Cuando la solicitud de *certiorari* sea presentada en la Secretaría del Tribunal de Circuito de Apelaciones, **la parte peticionaria deberá notificar a la Secretaría del tribunal recurrido, dentro de las cuarenta y ocho (48)**

CC-2003-564

**horas siguientes a la presentación de la solicitud, copia de la misma debidamente sellada con la fecha y la hora de presentación. El término aquí dispuesto será de cumplimiento estricto.** Cuando la solicitud sea presentada en la Secretaría del tribunal recurrido, el peticionario deberá notificar a la Secretaría del Tribunal de Circuito de Apelaciones dentro de las cuarenta y ocho (48) horas siguientes a la presentación de la solicitud, las cuatro (4) copias que fueron debidamente selladas por la Secretaría del tribunal recurrido con la fecha y la hora de presentación. El término aquí dispuesto será de cumplimiento estricto. (Énfasis suplido).[15]

Reiteradamente este Tribunal ha expresado que las normas sobre el perfeccionamiento de los recursos ante el Tribunal de Apelaciones deben observarse rigurosamente.[16] El cumplimiento riguroso de tales normas, se extiende al Reglamento del Tribunal de Apelaciones, antes Tribunal de Circuito de Apelaciones.[17]

Dicho Reglamento establece que algunos términos para perfeccionar los recursos son de carácter jurisdiccional y otros de cumplimiento estricto. Cuando se trata de un término de cumplimiento estricto, el tribunal no está atado al automatismo que conlleva un requisito jurisdiccional, por lo que puede "proveer justicia según lo ameritan las circunstancias" y extender el término.[18]     No obstante, el

---

[15] 4 L.P.R.A. Ap. XXII R. 33 (A).

[16] Rojas v. Axtmayer Ent., Inc., 150 D.P.R. 560, 564 (2000); Arriaga v. F.S.E., 145 D.P.R. 122, 129-130 (1998).

[17] Íd.

[18] Arriaga v. F.S.E., *supra*, pág. 131; Loperena Irizarry v. E.L.A., 357, 360 (1977).

CC-2003-564

Tribunal de Apelaciones no goza de discreción para prorrogar un término de estricto cumplimiento automáticamente. [19] Podrá prorrogar un término de cumplimiento estricto o permitir su cumplimiento tardío cuando se justifique detalladamente la existencia de una justa causa para la tardanza o incumplimiento.[20]

Hemos establecido que los tribunales pueden eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto si están presentes dos condiciones:

> (1) que en efecto exista justa causa para la dilación; (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida.[21]

En ausencia de estas condiciones, el tribunal carece de discreción para prorrogar el término y por consiguiente, de acoger el recurso de *certiorari* ante su consideración.[22] Deberá demostrarse la existencia de justa causa con **explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió por alguna circunstancia especial**

---

[19] Rojas v. Axtmayer Ent., Inc., *supra*; Banco Popular de Puerto Rico v. Municipio de Aguadilla, 144 D.P.R. 651, 657 (1997).

[20] Íd; Febles et al. v. Romar Pool Const., res. 30 de junio de 2003, 159 D.P.R.___ (2003), 2003 T.S.P.R. 113, 2003 J.T.S. 114; Arriaga v. F.S.E., *supra*.

[21] Rojas v. Axtmayer Ent., Inc., *supra*, pág. 565, Arriaga v. F.S.E., *supra*, pág. 132.

[22] Arriaga v. F.S.E., *supra*, pág. 131; Banco Popular de Puerto Rico v. Municipio de Aguadilla, *supra*, pág. 657.

**razonable**.[23] No podrá acreditarse la existencia de una justa causa con excusas, vaguedades o planteamientos estereotipados.[24]

### III

El entonces Tribunal de Circuito de Apelaciones desestimó el recurso de *certiorari* presentado por los peticionarios, por incumplir con la Regla 33(A) del Reglamento del Tribunal de Circuito de Apelaciones, *supra*. Fue desestimado por haber sido notificado al Tribunal de Primera Instancia fuera del término de cuarenta y ocho (48) horas que establece dicho cuerpo reglamentario.

Ante tal decisión del foro intermedio apelativo, la parte allí y aquí peticionaria solicitó la reconsideración de la misma, señalando la existencia de justa causa para tal dilación y presentando la prueba adecuada para acreditarla. Entendemos que en la moción de reconsideración, el abogado de los peticionarios, licenciado Zayas Rivera, acreditó fehacientemente la existencia de justa causa para la notificación tardía con copia del recurso al foro primario. Presentó prueba concreta y específica que acredita que su esposa estuvo enferma y hospitalizada y que a éste le fue imposible cumplir con la notificación dentro del término de cuarenta y ocho (48) horas.

---

[23] Febles et al. v. Romar Pool Const., *supra*; Rojas v. Axtmayer Ent., Inc., *supra*, pág. 565, Arriaga v. F.S.E., *supra*, pág. 132.

[24] Íd.

Señaló que el día en que radicó el recurso de *certiorari* en el entonces Tribunal de Circuito de Apelaciones, su esposa se encontraba enferma. Al día siguiente, 15 de enero de 2003, fue hospitalizada y el 16 de enero de 2003, último día para poder notificar el recurso al foro primario oportunamente y así cumplir con el reglamento en cuestión, su esposa fue trasladada al Hospital Menonita de Aibonito. Surge de nuestro expediente el documento que acredita que estuvo hospitalizada del 16 al 30 de enero de 2003 y que sufrió de una condición respiratoria severa. El licenciado Zayas Rivera, garantizando los derechos de sus clientes, cumplió con los dos requisitos antes mencionados para eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto. Demostró la existencia de justa causa para la dilación y lo hizo de forma detallada y adecuada.

Erró el foro intermedio apelativo al considerar que la razón del abogado de los peticionarios, licenciado Zayas Rivera, de permanecer al lado de su esposa, dándole las atenciones y cuidados necesarios por encontrarse en un estado delicado de salud y hospitalizada, no constituye una justa causa que permitiera extender un término de cumplimiento estricto.

La "Moción en Cumplimiento de Orden" es clara, pues se entiende que es el abogado de los peticionarios quien se dirige al tribunal expresando las razones personales que no

le permitieron cumplir con el reglamento. Además, la moción de reconsideración estableció de forma más concreta y particular la situación en que se encontraba el abogado de lo peticionarios, debido a la enfermedad de su esposa, la cual ocasionó el incumplimiento justificado de la Regla Regla 33(A) del Reglamento del Tribunal de Circuito de Apelaciones, *supra*.

La enfermedad de un abogado o de una persona de su circulo familiar inmediato que dependa de él es una circunstancia especial, no planificada, que constituye una justa causa, siempre que se acredite fehacientemente su ocurrencia, por la cual un tribunal puede ejercer su discreción y prorrogar o permitir el cumplimiento tardío de un término de cumplimiento estricto. Entiéndase que nos referimos a una **enfermedad seria** que imposibilite la facultad del abogado de cumplir con sus deberes. Podría tratarse de que sea el propio abogado quien sufra una enfermedad seria que le impida cumplir sus deberes, ya sea por estar hospitalizado o en un estado de salud delicado. También podría tratarse, de que algún familiar inmediato del abogado, como lo es el cónyuge, sufra de alguna enfermedad o condición seria que amerite cuidados. Bajo esta circunstacia, también podría darse la situación, como en el caso autos, de que el familiar no sólo se encuentra en un estado de salud delicado que necesita intensos cuidados, sino que también necesita que sea el propio

CC-2003-564

abogado quien lo cuide o acompañe por no tener a nadie más que pueda atenderlo.

IV

Por los fundamentos antes expuestos, concluimos que sí erró el entonces Tribunal de Circuito de Apelaciones al desestimar el recurso de *certiorari*. Por sí existir justa causa, el foro intermedio apelativo tenía que atender el recurso, a pesar de haber sido notificado tardíamente al Tribunal de Primera Instancia. Devolvemos el caso al Tribunal Apelativo para que dilucide el error señalado por los peticionarios sobre el depósito tardío de la fianza de no residente.

Efraín E. Rivera Pérez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Rafael Lugo Rodríguez, et al

    Recurridos

                CC-2003-564

      v.


Isidro Suárez Camejo, et al

    Peticionarios


SENTENCIA

San Juan, Puerto Rico, a 19 de septiembre de 2005

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, concluimos que sí erró el entonces Tribunal de Circuito de Apelaciones al desestimar el recurso de *certiorari*. Por sí existir justa causa, el foro intermedio apelativo tenía que atender el recurso, a pesar de haber sido notificado tardíamente al Tribunal de Primera Instancia. Devolvemos el caso al Tribunal Apelativo para que dilucide el error señalado por los peticionarios sobre el depósito tardío de la fianza de no residente.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri no intervino.


          Aida Ileana Oquendo Graulau
         Secretaria del Tribunal Supremo