ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| MARIEL ACEVEDO RAMÍREZ<br><br>Apelante<br><br><br>v.<br><br><br>ADAM LUGO ROSARIO<br><br>Apelado | KLAN202300834 | Apelación procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Civil Núm.: MZ2022RF00507<br><br>Sobre: Alimentos-Menores de edad |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Bonilla Ortiz y la jueza Mateu Meléndez

**Figueroa Cabán, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico a 30 de octubre de 2023.

Comparece la señora Mariel Acevedo Ramírez, en adelante la señora Acevedo o la apelante, y solicita que revisemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de Mayagüez, en adelante TPI. Mediante la misma, el TPI acogió un informe de la Examinadora de Pensiones Alimentarias, en adelante la EPA, que en ausencia de la apelante, estableció la pensión alimentaria final para los menores procreados entre las partes.

Por los fundamentos que expondremos a continuación, se confirma la sentencia apelada.

### -I-

La señora Acevedo presentó una *Demanda* para la fijación de una pensión alimentaria, contra el señor Adam Lugo Rosario, en adelante el señor Lugo o el apelado.[1]

---

[1] Apéndice de la apelante, págs. 1-2.

Número Identificador

SEN2023_____

En su *Contestación a Demanda*, el señor Lugo solicitó al TPI que transfiriera el caso a la EPA, y que acreditara los pagos que había realizado en concepto de pensión alimentaria provisional.[2]

Luego de examinar el informe y las recomendaciones de la EPA, el TPI ordenó al señor Lugo, mediante resolución, el pago de $171.92 semanales en concepto de pensión alimentaria.[3]

Posteriormente, la EPA celebró la vista para establecer la pensión alimentaria final para los menores procreados por las partes. **Este evento ocurrió en ausencia de la señora Alvarado y de su abogado, el Lcdo. Juan Carlos Toro Sepúlveda.** Sobre el particular, la EPA afirmó:

> En horas de la mañana, el Lcdo. Toro Sepúlveda se comunicó a la oficina de la suscribiente mediante llamada telefónica, para informar que se encontraba resolviendo una situación de salud de su esposa, por lo que entendía que no podría conectarse a la videoconferencia. La secretaria, Sra. Segarra, le solicitó al Lcdo. Toro que se comunicara con la Lcda, [*sic*.] Sánchez para corroborar si la abogada estaba de acuerdo con reseñalar la vista. Sin embargo, al inicio de la vista a las 2:36 PM la Lcda. Sánchez informó que el Lcdo. Toro no se había comunicado con ella, pero que en conversaciones sostenidas con el abogado el día anterior, se hbaía [*sic*.] anticipado que las partes podían estipular la pensión alimentaria provisional como final. A esos efectos, la Lcda. Sánchez le solicitó al Lcdo. Toro la W-2 de la demandante para validar los ingresos declarados en la planilla PIPE, documento que no recibió. La Lcda. Sánchez también informó que la demandante nunca contestó un interrogatorio que le sometió desde el 14 de septiembre de 2022, hubo varias suspensiones y a pesar de que el Lcdo. Toro le había indicado ayer que se podía estipular la pensión final, hoy no compareció ni se comunicó con ella. Por ello, la Lcda. Sánchez manifestó su oposición a la transferencia toda vez que sostuvo que la parte demandante no había sido responsable en el manejo de su reclamación.[4]

---

[2] *Id.*, págs. 3-4.
[3] *Id.*, págs. 5-8.
[4] *Id.*, págs. 9-12.

El TPI acogió el informe de la EPA y dictó sentencia fijando la pensión alimentaria final de los menores.[5]

Por su parte, la apelante solicitó reconsideración y el señalamiento de la vista final para la fijación de una pensión alimentaria.[6] En síntesis, arguyó que la *Sentencia* emitida por el TPI violentó su derecho constitucional al debido proceso de ley.

Posteriormente, el TPI declaró "no ha lugar" a la solicitud de nueva vista. Además, puntualizó: "Las solicitudes de transferencia de vista por las circunstancias que sean se realizan al tribunal y no se nos puso en posición de atender su solicitud".[7]

Insatisfecha con dicha determinación, la señora Acevedo presentó un *Recurso de Apelación* en el que alega que el TPI incurrió en los siguientes errores:

> ERRÓ EL TPI AL DICTAR SENTENCIA EN EL CASO DE ALIMENTOS, SIN LA PARTE DEMANDANTE HABER ESTADO PRESENTE EN LA VISTA FINAL DE FIJACIÓN DE ALIMENTOS, PRIVANDO ASÍ A DICHA PARTE DE SU DÍA EN CORTE, DEL DEBIDO PROCESO DE LEY, DE PRESENTAR PRUEBA A SU FAVOR Y CONFRONTAR LA PRUEBA DEL DEMANDADO EN LA VISTA FINAL DE FIJACIÓN DE PENSIÓN ALIMENTARIA.

> ERRÓ LA EXAMINADORA DE PENSIONES DEL TPI AL, A PESAR DE HABER SIDO PREVIAMENTE NOTIFICADA SOBRE LOS MOTIVOS DE SALUD FAMILIAR QUE ATRAVESABA EL SUSCRIBIENTE, PROCEDIÓ A CELEBRAR LA VISTA DE FIJACIÓN DE ALIMENTOS Y AL DESFILE DE PRUEBA, SIN LA COMPARECENCIA DE LA PARTE DEMANDANTE, VIOLENTANDO ASÍ EL DEBIDO PROCESO DE LEY.

Examinados los escritos de las partes, el expediente y la prueba documental, estamos en posición de resolver.

---

[5] *Id.*, págs. 13-16.
[6] *Id.*, págs. 18-22.
[7] *Id.*, pág. 23.

## -II-

### A.

En lo aquí pertinente, la Regla 6.6 de las de Procedimiento Civil delimita los requisitos para la concesión de una prórroga, a saber:

Regla 6.6. Normas sobre prórrogas

**Toda solicitud de prórroga deberá acreditar la existencia de justa causa con explicaciones concretas debidamente fundamentadas. Cualquier solicitud de prórroga deberá presentarse antes de expirar el plazo cuya prórroga se solicita** y hacerse conforme lo establece la Regla 68.2. El término de la prórroga comenzará a transcurrir al día siguiente del vencimiento del plazo cuya prórroga se solicita. [8]

Así pues, **los tribunales podrán conceder prórrogas siempre y cuando:**

**se presenten dentro del término establecido en las reglas, vengan acompañadas de una adecuada justificación, el Tribunal determine que al concederla no se causará perjuicio a la otra parte o una indebida dilación a la pronta solución de la controversia** y que su concesión sea necesaria para lograr la justa solución de la contienda judicial.[9]

En esencia, subyace la aspiración de evitar la prolongación indefinida de los pleitos[10] y es por esta razón, que "los tribunales de instancia tienen la labor constitucional e indelegable de velar y garantizar que los procedimientos y asuntos se ventilen sin demora".[11]

### B.

Por su parte, la Regla 68.2 de las de Procedimiento Civil expone las condiciones en las que procede prorrogar o reducir los términos. Veamos.

---

[8] Regla 6.6 de Procedimiento Civil de 2009 (32 LPRA Ap. V). (Énfasis suplido).
[9] J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Publicaciones JTS, 2011, Tomo II, págs. 428-429. (Énfasis suplido).
[10] *Id.*, pág. 429.
[11] *Id.*, pág. 430.

Regla 68.2. Prórroga o reducción de términos

Cuando por estas reglas, por una notificación dada en virtud de sus disposiciones o por una orden del tribunal se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción: (1) ordenar, previa moción o notificación, o sin ellas, que se prorrogue o acorte el termino si así se solicita antes de expirar el termino originalmente prescrito o según prorrogado por orden anterior, o (2) permitir, en virtud de moción presentada después de haber expirado el plazo especificado, que el acto se realice si la omisión se debió a justa causa, pero no podrá prorrogar o reducir el plazo para actuar bajo las disposiciones de las Reglas 43.1, 44.1, 47, 48.2, 48.4, 49.2 y 52.2, salvo lo dispuesto en éstas bajo las condiciones en ellas prescritas.[12]

Al respecto, el Tribunal Supremo de Puerto Rico ha expresado que "Deberá demostrarse la existencia de justa causa con explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió por alguna circunstancia especial razonable."[13]

En otras palabras, **"solo debe concederse una prórroga cuando el juez, luego de un examen cuidadoso de las explicaciones concretas que demuestran el incumplimiento y de la evidencia que lo sustenta, queda convencido de que si no la concede estaría incurriendo en una injusticia"**.[14]

### C.

Una vez el abogado o abogada asume la representación legal, cualquier solicitud de suspensión o transferencia de vista en casos civiles por conflicto de calendario deberá presentarse, conforme a lo dispuesto en las *Reglas para la*

---

[12] Regla 68.2 de Procedimiento Civil de 2009 (32 LPRA Ap. V).
[13] *Lugo Rodríguez v. Suárez Camejo,* 165 DPR 729, 738-739 (2005).
[14] R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 6ta. Ed., Puerto Rico, *LexisNexis* (2017), sec. 1803, pág. 234. (Énfasis suplido)

*Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico*, a saber:

REGLA 17. SUSPENSIONES Y TRANSFERENCIAS DE LAS VISTAS

[…]

B. **Cualquier solicitud de suspensión o transferencia de vista en casos civiles por conflicto de calendario deberá presentarse, con notificación a la otra parte, dentro de los quince (15) días siguientes a la notificación del señalamiento. Cuando medien circunstancias extraordinarias imprevisibles y fuera del control de las partes o de sus representantes legales, deberá solicitarse la suspensión en un término razonable.**

C. **La parte que con anterioridad a la celebración de una vista** presente una moción de suspensión, de transferencia de vista o de turno posterior, o una estipulación de suspensión, o que **solicite verbalmente una suspensión el día de la vista, deberá someter junto con su solicitud no menos de tres (3) fechas disponibles para la celebración de aquélla, luego de asegurarse de que estén comprendidas dentro del período para el cual el salón de sesiones en cuestión esté señalando casos. Deberá certificar, además, que todas las partes tienen también disponibles esas fechas.** Este señalamiento tendrá prioridad sobre otros. **La parte promovente deberá presentar los aranceles de suspensión correspondientes, excepto cuando medie estipulación de suspensión,** situación en la cual todas las partes cancelarán el arancel.

[…][15]

**D.**

Es norma firmemente establecida que los tribunales apelativos no intervienen con el manejo de los casos por parte del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa

---

[15] Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico de 1999 (revisadas el 1 de agosto de 2009), Regla 17, pág. 22. (Énfasis suplido).

evitará un perjuicio sustancial".[16] Por tal razón, el ejercicio de las facultades discrecionales por el foro de instancia merece nuestra deferencia salvo que incurra en algunas de las conductas previamente mencionadas y si a la luz de la prueba admitida, "no exista base suficiente que apoye su determinación".[17] Además, dicho foro es el que mejor conoce las particularidades del caso y quien está en mejor posición para tomar las medidas necesarias que permitan cimentar el curso a trazar para llegar eventualmente a una disposición final.[18]

**-III-**

La apelante aduce, que al dictar sentencia conforme a las recomendaciones de la EPA, el TPI violentó su derecho al debido proceso de ley, la privó de su día en corte y le violentó sus derechos a presentar prueba a su favor, confrontar la prueba del apelado y a que su reclamo se resuelva en los méritos. Según alega, la vista ante la EPA se celebró en su ausencia, a pesar de que horas antes, su representante legal se comunicó con la EPA para excusarse. En su opinión, el foro sentenciador abusó de su discreción al así proceder.

En cambio, el apelado estatuye que la señora Acevedo no se comunicó con la EPA, ni se conectó a través de la plataforma virtual para participar de la vista. Además, la representante legal del señor Lugo alega, que aunque el Lcdo. Toro llamó horas antes para excusarse de la vista, nunca se comunicó con ella para

---

[16] *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 338 (2021); *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920, 933 (2015).
[17] *Gómez Márquez et al. v. El Oriental*, 203 DPR 783, 794 (2020).
[18] *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 142 (2013); *Mejías et al. v. Carrasquillo et al*, 185 DPR 288, 306-307 (2012).

coordinar nueva fecha, ni radicó escrito alguno a través de SUMAC. Del mismo modo, arguye que el motivo de salud familiar que impedía al Lcdo. Toro comparecer, no fue evidenciado. Cabe destacar que la abogada del apelado alega que el día antes de la vista se comunicó con el Lcdo. Toro y este le indicó que se encontraba en una cita con su pareja, por lo que la cita no fue el día de la vista, como este le indicó a la secretaria de la EPA.

La forma atropellada en que la apelante solicitó la prórroga contraviene las normas procesales básicas sobre la materia en nuestro ordenamiento procesal civil. Así pues, la solicitud se hizo el mismo día de la videoconferencia, verbalmente y sin acreditar la justa causa para la suspensión. Además, la apelante no sometió tres fechas disponibles para la celebración de la vista, no certificó que la parte adversa tenía las fechas seleccionadas disponibles, ni presentó los aranceles de suspensión correspondientes. Bajo este cuadro procesal, no abusó de su discreción el TPI al acoger el Informe de la EPA y declarar no ha lugar la petición de señalamiento de nueva vista.

Finalmente, la apelante no discutió en sus méritos los presuntos defectos de la pensión alimentaria final impuesta. Así, por ejemplo, no aludió a prueba alguna que fundamente conceder una cuantía mayor en concepto de pensión alimentaria u otra prueba que favorezca su causa de acción. A esos efectos conviene recordar, que la sola alegación de un error, que no se discute o fundamenta, no debe ser

motivo para revisar una decisión de un tribunal de instancia.[19]

### -IV-

Por los fundamentos antes expuestos, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[19] *Quiñones López v. Manzano Pozas,* 141 DPR 139, 165 (1996).