ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL IV**

| | | |
|---|---|---|
| **JOSÉ A. CASTILLO RODRÍGUEZ**<br>RECURRENTE(S)<br><br>V.<br><br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)**<br>RECURRIDA(S) | KLRA202400541 | *REVISIÓN DE DECISIÓN ADMINISTRATIVA*<br>procedente del **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)**<br><br>Civil Núm.:<br>**PP-143-24**<br><br>Sobre:<br>Remedio Administrativo |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

*Barresi Ramos*, juez ponente.

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 18 de noviembre de 2024.

Comparece ante este Tribunal de Apelaciones, el señor **JOSÉ A. CASTILLO RODRÍGUEZ** (señor **CASTILLO RODRÍGUEZ**), por derecho propio e *in forma pauperis*, mediante *Certiorari* interpuesto el 20 de septiembre de 2024. En su escrito, nos solicita que revisemos la *Respuesta al Miembro de la Población Correccional* (*Respuesta*) determinada el 9 de julio de 2024 por el **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)**.[1] Mediante dicha *Respuesta*, se expuso:

> "Según la solicitud en este Remedio Administrativo, se verificó su expediente criminal y tiene trabajada correctamente la liquidación de sentencia que fue realizada por una revocación de la JLBP, que según está establecido el formato a seguir en estos casos en el computo mínimo cumplirá el término de 2 años.
> Pág. 24 del Reglamento de la JLBP
> Sección 7.4 Casos Revocados
> C. Cuando la Junta revoque el privilegio y el peticionario se encuentre cumpliendo una sentencia de reclusión perpetua o una sentencia por noventa y nueve años o más, la Junta adquirirá jurisdicción nuevamente cuando el peticionario cumpla dos (2) años naturales de reclusión a partir de la revocación".

---

[1] Esta decisión administrativa fue notificada el 10 de julio de 2024. Apéndice del *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación*, págs. 7- 8.

Número Identificador:  SEN2024_____

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

**- I -**

El 17 de mayo de 2024, el señor **CASTILLO RODRÍGUEZ** suscribió una *Solicitud de Remedio Administrativo* (*Solicitud*) en la cual requirió que se corrigiera su hoja de liquidación de sentencia "computando la misma según lo establecía el [C]ódigo [P]enal de 1974 al 50%. Código [P]enal bajo el cual fui sentenciado".[2] Dicha *Solicitud* fue recibida el 24 de mayo de 2024 por la División de Remedios Administrativos del **DCR** y le fue asignada el número PP-143-24**.**

El día 9 de julio de 2024, la División de Remedios Administrativos del **DCR** emitió la *Respuesta al Miembro de la Población Correccional* impugnada. Este documento está acompañado de una *Respuesta de Seguimiento al Miembro de la Población Correccional* rubricada el 5 de junio de 2024 por la señora Brenda Alvarado Pagán.

Inconforme, el 10 de julio de 2024, el señor **CASTILLO RODRÍGUEZ** firmó una *Solicitud de Reconsideración*.[3] Este petitorio fue entregado el 18 de julio de 2024 en la División de Remedios Administrativos del **DCR.** El 29 de julio de 2024, se dictó la *Respuesta de Reconsideración al Miembro de la Población Correccional* en la cual se denegó la solicitud.[4] La determinación administrativa fue notificada el 15 de agosto de 2024 al señor **CASTILLO RODRÍGUEZ**.

El 20 de septiembre de 2024, el señor **CASTILLO RODRÍGUEZ** acudió ante este foro intermedio mediante su *Certiorari.* En el mismo, señala el(los) siguiente(s) error(es):

> Erró la [D]ivisión de Remedios Administrativos al no buscar una solución objetiva al planteamiento del aquí peticionario mediante solicitud de remedios administrativos núm. PP-143-24.

---

[2] Apéndice del *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación*, pág. 4.
[3] *Íd.*, pág. 9.
[4] *Íd.*, pág. 10.

Erró la sra. Brenda Alvarado Pagán (técnico de Récord Penal en Ponce Principal) en su contestación al remedio núm. PP-143-24, al referirse al tiempo en que según el Reglamento 9232 del 18 de noviembre de 2020, el cual expresa en su pág. 21 secc. 7.4 inciso c, la cantidad de años que deberá cumplir un confinado con sentencia de (99) noventa y nueve años al ser revocado del privilegio de libertad bajo palabra. Mientras que lo solicitado en dicho remedio no guarda relación con ese particular.

Erró la Oficina de Récords Penal al computar en la Hoja de Liquidación de Sentencia, la pena de noventa y nueve (99) años, dictaminada al aquí recurrente a cumplirlos en años naturales bajo Código Penal de 1974.

Erró el Departamento de Corrección y Rehabilitación (D.C.R.) por medio de sus subalternos (técnicos sociopenales y oficina de Récords Penales) cuando violentaron las leyes que aplicaban en dicho caso, así como la sección uno (1) de la Constitución del Estado Libre Asociado de Puerto Rico en la Carta de Derechos, al obviar la igual protección de la ley.

Erró el D.C.R. por medio de sus subalternos al no computar la Hoja de Liquidación de Sentencia del aquí recurrente según lo establecía el Código Penal de 1974 al cincuenta (50%) porciento.

Erró el D.C.R. al establecer como manera de computar la sentencia del peticionario, debía ser según lo establecido por la Ley #118 del 22 de julio de 1974 en vez de como lo establecía el Código Penal de 1974.

Erró el D.C.R. al no aplicar el Código Penal de 1974 al aquí recurrente conforme a lo que el mismo establecía, para todos los ciudadanos con o sin residencia permanente (legal) en Puerto Rico.

El 9 de octubre de 2024, pronunciamos *Resolución* en la cual concedimos un término de treinta (30) días al **DCR** para exponer su posición sobre el recurso. Así las cosas, el 14 de noviembre de 2024, el **DCR,** por conducto de la Oficina del Procurador General de Puerto Rico, presentó su *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación*.

Evaluado concienzudamente el expediente del caso, nos encontramos en posición de resolver. A continuación, exponemos las normas de derecho pertinentes a la controversia planteada.

- II –

- A - *Jurisdicción*

La *jurisdicción* es el poder o autoridad con el que cuenta un tribunal para considerar y decidir los casos, así como controversias ante su

consideración.[5] Por lo que, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una controversia.[6]

Es por esto, que los tribunales deben ser celosos guardianes de su *jurisdicción*. Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Las cuestiones de *jurisdicción* por ser privilegiadas deben ser resueltas con preferencia. En definitiva, por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[7]

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: (1) priva a un foro judicial del poder necesario para adjudicar una controversia; (2) los tribunales no poseen discreción para asumirla cuando no la tienen; (3) no es susceptible de ser subsanada; (4) las partes no pueden conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (5) conlleva la nulidad de los dictámenes emitidos; (6) se impone a los tribunales el ineludible deber de auscultar su propia jurisdicción —y a los tribunales apelativos la obligación de examinar la jurisdicción del foro de donde procede el recurso—; (7) las cuestiones jurisdiccionales deben ser resueltas con preferencia sobre otros asuntos, y (8) su alegación puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.[8]

De otra parte, la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU)[9] instituye el término jurisdiccional que tiene una parte afectada para solicitar la revisión judicial de una determinación de

---

[5] *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69; *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 394 (2022); *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385- 386 (2020).

[6] *Allied Mgmt. Group v. Oriental Bank, supra.*

[7] *Allied Mgmt. Group v. Oriental Bank, supra,* págs. 386- 387; *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 499- 501 (2019).

[8] *Allied Mgmt. Group v. Oriental Bank, supra,* págs. 386- 387.

[9] Ley Núm. 38-2017, 3 LPRA § 9672.

un organismo administrativo:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, **dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título**, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.  3 LPRA § 9672 (énfasis suplido).

### - B - *Perfeccionamiento de un Recurso*

Los requisitos aplicables sobre el perfeccionamiento de un recurso de apelación, *certiorari* o revisión judicial están contenidos en el Reglamento del Tribunal de Apelaciones de 2004; la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, según enmendada; y en las Reglas de Procedimiento Civil de 2009, según enmendadas. Nuestro Tribunal Supremo ha establecido que los litigantes deben observar rigurosamente las disposiciones reglamentarias sobre el perfeccionamiento de sus recursos.[10]

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B).[11] "Una de las instancias en la que un foro adjudicativo carece de *jurisdicción* es cuando se presenta un recurso tardío o prematuro, ya que éste adolece del grave e insubsanable defecto de privar de *jurisdicción* al tribunal al cual se recurre".[12] Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), "*sencillamente adolece del grave e insubsanable defecto de*

---

[10] *Lugo v. Suárez*, 165 DPR 729, 737 (2005).
[11] 4 LPRA Ap. XXII-B. Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico"*.
[12] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 269 (2018) (comillas omitidas).

*privar de jurisdicción al tribunal al cual se recurre*".[13] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[14] En definitiva, una vez un tribunal determina que no tiene *jurisdicción, "procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos*".[15]

- III -

En el presente caso, el **24 de mayo de 2024**, el señor CASTILLO RODRÍGUEZ presentó su *Solicitud de Remedio Administrativo* ante la División de Remedios Administrativos del **DCR.** Dicha *Solicitud* fue atendida y el **10 de julio de 2024**, el señor CASTILLO RODRÍGUEZ recibió la *Respuesta al Miembro de la Población Correccional* en la cual se le expuso que la liquidación de la sentencia estaba correcta. Ante su desacuerdo, el **18 de julio de 2024**, el señor CASTILLO RODRÍGUEZ presentó su *Solicitud de Reconsideración* ante la División de Remedios Administrativos del **DCR**. El **29 de julio de 2024**, se dictó la *Respuesta de Reconsideración al Miembro de la Población Correccional (Respuesta).* El **15 de agosto de 2024**, se proveyó dicha *Respuesta* al señor CASTILLO RODRÍGUEZ. A partir de este momento, el señor CASTILLO RODRÍGUEZ disponía de un término *jurisdiccional* de treinta (30) días para presentar su recurso de *Revisión Administrativa*. Por tal motivo, el término *jurisdiccional* de treinta (30) días venció el **16 de septiembre de 2024.** Más, el **20 de septiembre de 2024,** el señor CASTILLO RODRÍGUEZ entregó su recurso ante la Oficina de Récord Criminal.[16] En consecuencia, es forzoso colegir que la revisión administrativa fue presentada tardíamente. Lo cual implica que el señor CASTILLO RODRÍGUEZ no cumplió con nuestras disposiciones reglamentarias al presentar su recurso **fuera del término prescrito de treinta (30) días**. Este incumplimiento nos priva de

---

[13] *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873 (2007).

[14] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo, supra*.

[15] *S.L.G. Szendrey-Ramos v. F. Castillo, supra*, pág. 883.

[16] Apéndice del *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación*, pág. 12. La entrega del recurso por un confinado a los funcionarios de la institución correccional equivale a una presentación del escrito.

*jurisdicción* para atender la controversia planteada. Por consiguiente, procede la ***desestimación*** del recurso de revisión de decisión administrativa por falta de *jurisdicción*.

## - IV -

Por los fundamentos antes expuestos y en conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, se ***desestima*** por falta de *jurisdicción* el *Certiorari* instado el 20 de septiembre de 2024 por el señor CASTILLO RODRÍGUEZ; y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente.**

**Notifíquese al(a la) señor(a) JOSÉ A. CASTILLO RODRÍGUEZ quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación (DCR) a la siguiente dirección: Institución Correccional Ponce Ponce Principal Fase 2 Q-Amarillo #221 3699 Ponce By Pass Ponce, PR 00728-1500 o en cualquier institución en donde se encuentre.**

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones