ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| DANIEL DELIZ NIEVES<br><br>RECURRENTE<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>RECURRIDOS | KLRA202500138 | *REVISIÓN JUDICIAL* procedente del Departamento de Corrección y Rehabilitación<br><br>Número: ICG-997-2024 |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de marzo de 2025.

Comparece ante nos, por derecho propio, el señor Daniel Deliz Nieves (en adelante, "el señor Deliz"), a los fines de solicitar nuestra intervención para que dejemos sin efecto la "*Sentencia*" emitida el 18 de febrero de 2025 y notificada el 20 de febrero de 2025, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla. Mediante la referida *"Sentencia,"* el foro primario declaró *No Ha Lugar* la solicitud de *mandamus*, presentada por el señor Deliz.

El señor Deliz recurre de una determinación final emitida por el tribunal de instancia, por lo cual acogemos el presente recurso como una apelación. Por consideraciones de economía procesal, conservamos la denominación alfanumérica asignada al recurso.

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso de apelación presentado.

I.

El señor Deliz se encuentra recluido en la Institución Penitenciara de Guerrero en Aguadilla. El recurso por él presentado tiene su origen en

la "*Solicitud de Remedio Administrativo*" presentada, el 16 de septiembre de 2024, por él mismo, ante el Departamento de Corrección y Rehabilitación (en lo sucesivo, "el Departamento"). Mediante la referida solicitud, el señor Deliz peticionó que se le permitiera usar en el área de visitas a reclusos una vestimenta consistente de pantalón azul y camisa polo de botones.

En atención a la petición, el 17 de septiembre de 2024, el Departamento emitió "*Respuesta del Área Concernida/Superintendente.*" Por medio de esta esbozó la siguiente determinación: "[l]e informo, la Orden Administrativa sigue vigente, si usted tiene el mahón y la polo según el color de su custodia puede utilizarlo, de no tenerlo deberá solicitarlo a través de la Comisaría."

En desacuerdo con la determinación, el 3 de enero de 2025, el señor Deliz presentó ante el tribunal de instancia un recurso de *mandamus.* En síntesis, expuso que resultaron infructuosas las gestiones que había realizado para que se le entregara la vestimenta peticionada. En vista de ello, solicitó al tribunal de instancia que le ordenara al Departamento que cumpliera con la entrega de la aludida vestimenta.

Así las cosas, el 20 de febrero de 2025, el tribunal de instancia notificó la "*Sentencia*" que hoy nos ocupa. Mediante esta, declaró *No Ha Lugar* el recurso de *mandamus,* presentado por el señor Deliz. Fundamento su decisión bajo las expresiones de que no se habían agotado los remedios administrativos y que el señor Deliz no logró demostrar que el Departamento se haya negado a cumplir un deber ministerial.

En desacuerdo con la "*Sentencia*," el 6 de marzo de 2025, el señor Deliz compareció ante este Tribunal a través de un escrito intitulado "*Moción Revi[s]ión Judicial.*" Mediante el cual, se limitó a narrar el trasfondo fáctico que motiva la presentación de su recurso, y a solicitarnos que le ordenemos al Departamento que entregue la referida vestimenta.

**II**.

**Recurso Extraordinario de *Mandamus***

El Artículo 649 del Código de Enjuiciamiento Civil, define el auto de *mandamus* como un recurso altamente privilegiado, dictado por un tribunal de justicia a nombre del Gobierno de Puerto Rico y dirigido a alguna persona, corporación o tribunal de inferior jerarquía, requiriéndole el cumplimiento de algún acto dentro de sus atribuciones o deberes ministeriales. 32 LPRA sec. 3421. El auto de *mandamus* sólo procede para exigir el cumplimiento de un deber impuesto por la ley; es decir, un deber calificado de "ministerial" y que, como tal, no admite discreción en su ejercicio, sino que es mandatorio e imperativo. *Aponte Rosario et al. v. Pres. CEE II,* 205 DPR 407, 427-428 (2020); *AMPR v. Srio. Educación, ELA*, 178 DPR 253, 263 (2010).

La Regla 54 de Procedimiento Civil establece los requisitos para presentar y atender un *mandamus.* A saber, el auto de *mandamus* podrá obtenerse presentando una solicitud jurada al efecto. 32 LPRA Ap. V, R. 54. "Cuando se solicite dicho remedio y el derecho a exigir la inmediata ejecución de un acto sea evidente y aparezca que no se podrá dar ninguna excusa para no ejecutarlo, el tribunal podrá ordenar perentoriamente la concesión del remedio; de otro modo, ordenará que se presente una contestación." *Íd.*

De igual modo, el Reglamento del Tribunal de Apelaciones regula el contenido de un recuso de *mandamus*. En lo concerniente, la Regla 55 del referido Reglamento lee como sigue:

> (A) Cualquier petición para que el tribunal expida un recurso de hábeas corpus o mandamus contendrá numeradas, en el orden que aquí se dispone, las partes siguientes:
>
>> (1) Las citas de las disposiciones legales que establecen la jurisdicción del tribunal y la Región Judicial a la que corresponde el recurso en conformidad con la ley y el inciso (G) de esta regla.
>>
>> (2) Un breve resumen de los hechos.
>>
>> (3) Un señalamiento breve y conciso de las controversias de derecho planteadas en la petición y de las disposiciones de la ley y de la jurisprudencia aplicables.

(4) Un argumento de las controversias planteadas.

(5) La súplica.

(B) En los casos en que el recurso de hábeas corpus o mandamus plantee alguna cuestión que trate sobre la comisión de algún error por un tribunal, relacionado con la suficiencia o apreciación de la prueba oral, la parte peticionaria procederá conforme lo disponen las Reglas 76 y 76.1 de este Reglamento.

(C) La cubierta de la petición contendrá solamente el epígrafe, el cual identificará a la parte peticionaria y a las partes contrarias como demandadas, y el nombre, la dirección postal, el teléfono, el número de fax, la dirección del correo electrónico y el número del Tribunal Supremo del abogado o abogada de la parte peticionaria, si hubiera. Inmediatamente después, habrá un índice detallado de la petición que se ajustará a lo dispuesto en la Regla 75.
4 LPRA Ap. XXII-B.

[…]

Asimismo, la Regla 55(J) del Reglamento del Tribunal de Apelaciones, *supra* estable que la "parte peticionaria emplazará a todas las partes a tenor con las disposiciones de las Reglas de Procedimiento Civil y de las leyes pertinentes."

**III**.

El señor Deliz recurre de la declaración de *No Ha Lugar* del recurso de *mandamus* que presentó ante el tribunal de instancia. Tras evaluar la totalidad del expediente ante nos, concluimos *desestimar* el recurso presentado.

La Regla 54 del Reglamento del Tribunal de Apelaciones, establece que el procedimiento de un recurso de *mandamus* se regirá por la reglamentación procesal civil, las leyes especiales aplicables y el Reglamento de esta Curia. 4 LPRA Ap. XXII-B. Siendo así, se desprende del expediente ante nuestra consideración que el recurso de *mandamus* presentado por el señor Deliz no cumple con la reglamentación aplicable para su perfeccionamiento. El referido recurso incumple con criterios indispensables de contenido y forma, tales como la incorporación de una solicitud jurada; la exposición de citas legales que establezcan la jurisdicción del tribunal; y la redacción de un índice legal y de materias, conforme a la Regla 75 del Reglamento del Tribunal de Apelaciones, *supra*.

Además, el señor Deliz no peticionó emplazamientos para las partes concernientes, según lo dispuesto en la Regla 55(J), *supra*. A su vez, el recurrido no incluyó en la comparecencia ante esta Curia algún señalamiento de error, según lo requiere la Regla 16 C 1(e) del Reglamento del Tribunal de Apelaciones, *supra*.

Ciertamente, existe una política pública a favor de que los casos se ventilen en sus méritos, pero ello no es eximente para que las normas atinentes al perfeccionamiento de los recursos se observen rigurosamente. Véase, *Lugo v. Suárez*, 165 DPR 729, 737 (2005). Cónsono con ello, el hecho de que una parte comparezca por derecho propio, "por sí solo, no justifica que incumpla con las reglas procesales." *Febles v. Romar*, 159 DPR 714, 722 (2003). Así pues, en vista de que el señor Deliz incumplió con los requisitos esenciales para el perfeccionamiento de una petición de *mandamus*, nos vemos en la necesidad de declarar nuestra falta de jurisdicción para atender el recurso presentado. Por consiguiente, *desestimamos* la petición de *mandamu*s, conforme lo permite la Regla 83 (C) del Reglamento de este Tribunal de Apelaciones, *supra*.

**IV.**

Por los fundamentos expuestos, *desestimamos* el recurso de epígrafe, por no cumplir con los criterios reglamentarios pertinentes para su perfeccionamiento.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones