ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| JOSÉ SANTIAGO AVILÉS<br><br>PETICIONARIO<br><br><br>V.<br><br><br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILIATCIÓN<br><br>RECURRIDO | KLRA202300625 | *REVISIÓN JUDICIAL* procedente del Departamento de Corrección y Rehabilitación; División de Remedios Administrativos<br>_____<br>Número de Solicitud:<br>ICG-1674-2023<br>ICG-1647-2023<br>ICG-1412-2023<br>ICG-1587-2023<br>ICG-1584-2023<br>ICG-1457-2023<br>ICG-1646-2023<br>ICG-1412-2023<br>Número de Caso:<br>T4-21611<br>_____<br>SOBRE:<br><br>Asignar Plan Institucional; Asignar Custodia Protectiva |

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente.

## S E N T E N C I A

En San Juan, Puerto Rico, a 20 de diciembre de 2023.

### -I-

El Sr. José Santiago Avilés (señor Santiago Avilés o Recurrente) presentó un recurso de revisión judicial, mediante el cual solicita que se respeten sus derechos y, a

su vez, alega daños y perjuicios ocasionados por el Departamento de Corrección y Rehabilitación.

Conforme a la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, este Tribunal tiene la facultad de "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho, y proveer el más amplio acceso al tribunal, de forma que no se impida impartir justicia apelativa a los ciudadanos."[1] En consideración a lo anterior, eximimos al recurrido de presentar el escrito en oposición a la revisión.

Examinado el recurso presentado, así como el derecho aplicable, acordamos desestimarlo por **falta de jurisdicción**.

-II-

**A. Jurisdicción**

Según ha expresado el Tribunal Supremo de Puerto Rico, resulta indispensable que los recursos apelativos se perfeccionen según lo exige la ley y el Reglamento de este Tribunal.[2] Las partes tienen la responsabilidad de observar rigurosamente el cumplimiento de los requisitos reglamentarios para perfeccionar los recursos presentados ante la consideración del Tribunal Supremo y el Tribunal de Apelaciones.[3]

Es norma reiterada, que el comparecer por derecho propio, por sí solo, no justifica el incumplimiento con las reglas procesales.[4] Por tanto, el incumplimiento con las normas jurídicas pertinentes para la presentación y

---

[1] 4 LPRA Ap. XXII-B.
[2] *Lugo Rodríguez v. Suárez Camejo*, 165 DPR 729, 737 (2005); *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 564 (2000).
[3] *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *DACO v. Servidores Públicos Unidos*, 187 DPR 704, 707 (2013); *M-Care Compounding v. Dpto. de Salud*, 186 DPR 159, 176 (2012).
[4] *Febles v. Romar Pool Construction*, 159 DPR 714, 722 (2003).

perfeccionamiento del recurso ante nuestra consideración nos priva de jurisdicción para atenderlo.

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.[5] Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional.[6] Esto, debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción.[7]

Así pues, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con ésta son privilegiados y deben atenderse de manera preferente.[8] Como es sabido, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por éstas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues éste incide directamente sobre el poder mismo para adjudicar una controversia.[9]

Así pues, la Regla 59 del Reglamento del Tribunal de Apelaciones[10], establece el contenido de los recursos de Revisión Judicial. En lo aquí pertinente, la Regla dispone que el cuerpo del recurso debe incluir, entre otros:

(C) Cuerpo

---

[5] *Ruiz Camilo v. Trafon Group, Inc*, 200 DPR 254, 267 (2018). Véanse, además: *Yumac Home v. Empresas Massó, supra; Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *Cordero et al. v. ARPe et al.*, 187 DPR 445, 456 (2012); *Shell v. Srio. Hacienda*, 187 DPR 109, 122 (2012); *Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393, 403 (2012); *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).
[6] *Id.*, pág. 268; *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233-234 (2014); *Cordero et al. v. ARPe et al., supra*, pág. 457; *Cruz Parrilla v. Depto. Vivienda, supra*, pág. 403.
[7] *Id.; Cordero et al. v. ARPe et al., supra*, pág. 457.
[8] *Id.; Mun. de San Sebastián v. QMC Telecom, supra*, pág.660; *Horizon v. Jta. Revisora, RA Holdings, supra*, pág.234; *Cordero et al. v. ARPE et al., supra*, pág.457.
[9] *Id.; Shell v. Srio. Hacienda, supra*, pág. 123; *Yumac Home v. Empresas Massó, supra*, pág. 103; *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *Souffront v. A.A.A.*, 164 DPR 663, 674 (2005).
[10] 4 LPRA, Ap. XXII-B, R. 59

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

[…]

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión. Además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

[…]

(e) un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

[…]

En torno a los documentos que debe acompañar el recurso, la Regla 59 de nuestro Reglamento, *supra*, dispone lo siguiente:

(E) Apéndice

(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

[…]

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

[…]

Finalmente, la Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones disponen lo siguiente:

(B)    Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) que el Tribunal de Apelaciones carece de jurisdicción;

[…]

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.[11]

**-III-**

En el presente caso, el recurso presentado por el señor Santiago Avilés incumple con gran parte de las disposiciones reglamentarias correspondientes a la presentación y perfeccionamiento de un recurso de revisión judicial. En específico, el recurrente incumplió con las formalidades para el contenido del recurso, pues no incluyó un señalamiento breve y conciso de los errores que, a su juicio, cometió el organismo, agencia o funcionario recurrido.

Por otra parte, el señor Santiago Avilés incluyó en su escrito de revisión judicial varios documentos sobre *Solicitud de Remedio Administrativo*. Además, incluyó un *Acuerdo del Comité de Clasificación y Tratamiento*, una *Solicitud de Reconsideración* y varios otros documentos. Sin embargo, el recurrente **no hizo referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión**. Ello, para determinar si el recurso ante nuestra consideración fue presentado dentro del término jurisdiccional de treinta (30) días.

Así las cosas, el incumplimiento con las normas jurídicas pertinentes para la presentación y perfeccionamiento del recurso ante nuestra consideración nos priva de jurisdicción para atenderlo. Lo anterior, acarrea la desestimación del recurso presentado por la parte recurrente.

---

[11] 4 LPRA Ap. XXII-B, R. 83 (B) y (C).

**-IV-**

Por los fundamentos antes expuestos, se **desestima** el recurso de revisión judicial por falta de jurisdicción.

**Notifíquese.**

Lo acuerda y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones