Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| | | |
|---|---|---|
| Julio Heredia Torres<br><br>Recurrente<br><br>vs.<br><br>Departamento de Hacienda<br><br>Recurrida | TA2025RA00211 | **REVISIÓN ADMINISTRATIVA** procedente del Departamento de Hacienda<br><br>Caso Núm.: CASP 2016-10-0487<br><br>Sobre: Reclutamiento y Selección |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 3 de septiembre de 2025.

Comparece por derecho propio el señor Julio Heredia Torres (Sr. Heredia Torres o recurrente), y nos solicita la revisión de la Resolución emitida el 1 de agosto de 2025[1] por la Comisión Apelativa del Servicio Público (CASP). Mediante el referido dictamen, la CASP declaró No Ha Lugar una solicitud de reconsideración presentada por el recurrente.

Luego de evaluar el recurso sometido por el Sr. Heredia Torres, prescindimos de la comparecencia de la parte recurrida y procedemos a resolver. Véase Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a la pág. 15, 215 DPR __ (2025).

Examinada la totalidad del expediente a la luz del estado de derecho vigente, desestimamos el recurso por los fundamentos que expondremos a continuación.

---

[1] Notificada en igual fecha.

**I.**

Surge del expediente ante nuestra consideración que, el 1 de agosto de 2025, la CASP emitió una Resolución en la que declaró No Ha Lugar una reconsideración presentada por el recurrente. En este dictamen, puntualizó que procedía la desestimación del reclamo instado por este en impugnación de una actuación del Departamento de Hacienda.

Inconforme, el 28 de agosto de 2025, el Sr. Heredia Torres recurrió ante nos mediante un recurso de Revisión Judicial Administrativa, en el cual esbozó los siguientes señalamientos de error:

> *Erró el Honorable Comisionado Lcdo. Ricardo E. Rodríguez, al indicar en su Resolución y Orden final que el Sr. Heredia muestra falta de interés en su caso.*

> *Erró el Honorable Comisionado Ricardo E. Rodríguez al no cumplir con lo establecido en la "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico" en su Capítulo II Procedimientos Adjudicativos, Sección 3.1 – Carta de Derechos (3 L.P.R.A. & 961) Sección (a).*

> *Erró el Honorable Comisionado Ricardo E. Rodríguez en cuanto a la Sección 3.2 – Procedimiento Adjudicativo (3 L.P.R.A. & 9642).*

> *Erró el Honorable Comisionado Ricardo E. Rodríguez cuando en la Resolución y Orden Final del 9 de julio de 2025 y notificada el 14 de julio de 2025 por Secretaría[,] indica lo siguiente: "Todas las órdenes anteriormente mencionadas fueron notificadas a la dirección de correo electrónico de récord del promovente, (julioheredia685@gmail.com).*

**II.**

**A.**

Es norma reiterada que, "la jurisdicción es el poder o la autoridad que posee un tribunal o un organismo administrativo para considerar y decidir casos o controversias con efecto vinculante para las partes". *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Por su trascendencia, los tribunales ostentamos

el deber de examinar nuestra propia jurisdicción, así como aquella del foro de donde procede el recurso ante su consideración. *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). En ese sentido, el primer factor que corresponde evaluar en toda situación jurídica es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Torres Alvarado v. Maderas Atiles*, 202 DPR 495, 500 (2019).

En lo concerniente a tales exigencias, es menester explicar que, el incumplimiento con las normas del perfeccionamiento del recurso incide en nuestro ejercicio jurisdiccional a nivel apelativo. Por tal motivo, el acatamiento de estas reglas no puede quedar al arbitrio de las partes o de sus abogados. *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 105 (2013). Véase, también, *Lugo v. Suárez*, 165 DPR 729, 737 (2005). En tales instancias, "[a]l tratarse de un asunto que incide sobre el poder del tribunal para adjudicar una controversia, la falta de jurisdicción se puede argumentar *motu proprio*". *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652 (2014); *Souffront v. A.A.A.*, 164 DPR 663, 674 (2005).

Por tanto, "si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia". *R&B Power, Inc. v. Junta de Subastas ASG, supra,* a la pág. 698; *Mun. de San Sebastián v. QMC Telecom, supra,* a la pág. 660. En tales casos, la Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones, nos otorga la facultad para desestimar el recurso, *motu proprio,* por carecer de jurisdicción para atender el mismo. *In re Aprob. Enmdas. Reglamento TA, supra,* a la pág. 115.

**B.**

El inciso (c) de la Regla 59(C)(1) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA, supra,* a la pág. 83, dispone que el recurso de revisión de decisiones

administrativas deberá contener una referencia adecuada al dictamen que impugna, y una alusión a cualquier moción o resolución que interrumpa o reanude el término para presentar un recurso de revisión judicial. A su vez, los incisos (e) y (f) de la referida disposición reglamentaria establecen que dicho recurso incluirá una relación fiel y concisa de los hechos procesales y materiales del caso, así como un señalamiento breve y conciso de los errores que a juicio del recurrente cometió el organismo administrativo. *Íd.* Igualmente, deberá contener una discusión de los errores señalados en referencia a las disposiciones de ley y la jurisprudencia aplicable. *Íd.*

Respecto al apéndice que acompaña al recurso, los incisos (a), (b), (c), (d) y (e) de la Regla 59(E) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, *supra*, a la pág. 84, exigen que este se presente con el siguiente contenido:

> *(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.*
>
> *(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del apéndice.*
>
> *(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.*
>
> *(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.*
>
> *(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a esta.*

### III.

Luego de examinar con sumo cuidado el recurso ante nos, determinamos que este adolece sustancialmente de los requisitos esenciales para su perfeccionamiento. En específico,

contemplamos que, el escrito presentado incumple de modo significativo con las formalidades atinentes a la presentación de los recursos de revisión de decisiones administrativas, según dispone la Regla 56 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA, supra,* a la pág. 79.

Al constatar nuestra jurisdicción, notamos que el recurso sometido por el Sr. Heredia Torres no exhibe una referencia adecuada a la decisión cuya revisión solicita, ni alude a su notificación. Asimismo, destacamos que, su escrito tampoco contiene una relación de hechos procesales y materiales precisos, ni expone un señalamiento conciso de los errores imputados al organismo administrativo.

Observamos, además, que en el apéndice adjuntado al recurso solamente consta la Resolución emitida y notificada el 1 de agosto de 2025 en atención a una reconsideración peticionada por el recurrente. Sin embargo, tal dictamen, carente de determinaciones de hechos y conclusiones de derecho, no nos permite efectuar nuestro ejercicio revisor. Véase Regla 59(E) del Reglamento del Tribunal de Apelaciones, *supra.* Ello, pues, no tenemos ante nos la decisión administrativa que motivó la alegada presentación de la solicitud de reconsideración, ni su respectiva notificación. Precisamos que ni siquiera obra en el referido expediente la moción de reconsideración con la indicación de su fecha de presentación.

Antes tales inobservancias, nos encontramos imposibilitados de establecer si el Sr. Heredia Torres interrumpió oportunamente el término para acudir a la etapa de revisión judicial, y si en efecto, recurrió ante este Tribunal de Apelaciones en el periodo correspondiente. En vista de lo anterior, concluimos que estamos privados de jurisdicción para atender el caso presente en sus méritos. Por consiguiente, nos corresponde desestimar el recurso

de epígrafe de conformidad la Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones, *supra.*

## IV.

Por los fundamentos que anteceden, los que hacemos formar parte del dictamen, desestimamos el recurso presentado por el Sr. Julio Heredia Torres, toda vez que carecemos de jurisdicción, según nos faculta la Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones, *supra.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones