Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>vs.<br><br>Francisco Rodríguez Ruiz<br><br>Peticionario | TA2025CE00481 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Caso Núm.:<br>L VI2004G0020<br><br>Sobre: A83/ Asesinato en Primer Grado Clásico |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de septiembre de 2025.

Comparece por derecho propio el señor Francisco Rodríguez Ruiz (Sr. Rodríguez Ruiz o peticionario), quien es miembro de la población correccional, mediante un recurso de *Certiorari*. Nos solicita la revisión de una Orden emitida el 25 de agosto de 2025[1], por el Tribunal de Primera Instancia, Sala Superior de Utuado (TPI o foro primario). Mediante el referido dictamen, el foro primario declaró No Ha Lugar una moción presentada por el peticionario.

Luego de evaluar el recurso sometido por el Sr. Rodríguez Ruiz, prescindimos de la comparecencia de la parte recurrida y procedemos a resolver. Véase Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a la pág. 15, 215 DPR __ (2025).

Examinada la totalidad del expediente a la luz del estado de derecho vigente, desestimamos el recurso por los fundamentos que expondremos a continuación.

---

[1] Notificada el 27 de agosto de 2025.

**I.**

El 25 de agosto de 2025, el foro primario dictó una Orden, notificada el 27 de agosto de 2025, en la cual declaró No Ha Lugar una moción de reconsideración, según alegó el peticionario.[2]

Inconforme, el 17 de septiembre de 2025, el Sr. Rodríguez Ruiz recurrió ante este Tribunal de Apelaciones mediante un recurso de *Certiorari*. En este escrito, señaló que incidió el foro primario al rechazar su solicitud de reconsideración. A tales efectos, nos peticionó que evaluáramos el dictamen recurrido, y consecuentemente, modificáramos una sentencia dictada en su contra.

**II.**

**A.**

Es norma reiterada que, "la jurisdicción es el poder o la autoridad que posee un tribunal o un organismo administrativo para considerar y decidir casos o controversias con efecto vinculante para las partes". *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Por su trascendencia, los tribunales ostentamos el deber de examinar nuestra propia jurisdicción, así como aquella del foro de donde procede el recurso ante su consideración. *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). En ese sentido, el primer factor que corresponde evaluar en toda situación jurídica es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Torres Alvarado v. Maderas Atiles*, 202 DPR 495, 500 (2019).

Por ello, nos compete ser celosos guardianes de nuestra propia jurisdicción. *FCPR v. ELA et al.*, 211 DPR 521, 530 (2023). Las cuestiones referentes a la jurisdicción son privilegiadas y

---

[2] No surge del expediente ante nuestra consideración, la moción que motivó el pronunciamiento recogido en la Resolución impugnada.

deben atenderse con preferencia. *S.L.G. Szendrey Ramos v. F. Castillo, supra,* a la pág. 882. Por tal razón, "al momento de determinar si un tribunal tiene jurisdicción sobre un caso, es necesario asegurarse de que se cumplieron todos los requisitos jurisdiccionales que la ley establece". *Adm. Terrenos v. Ponce Bayland, supra,* a la pág. 600; *Shell v. Srio. Hacienda,* 187 DPR 109, 123 (2012). Entiéndase que, "[p]or definición, un requisito jurisdiccional es aquel que se debe cumplir antes de que el tribunal pueda conocer del pleito". *Rodríguez Vázquez v. Hosp. Auxilio Mutuo,* 2025 TSPR 55, 216 DPR ___ (2025); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018) (citando a I. Rivera García, <u>Diccionario de términos jurídicos</u>, 2da ed. rev., Orford, Ed. Equity, 1985, pág. 244).

En lo concerniente a tales exigencias, es menester explicar que, el incumplimiento con las normas del perfeccionamiento del recurso incide en nuestro ejercicio jurisdiccional a nivel apelativo. Por tal motivo, el acatamiento de estas reglas no puede quedar al arbitrio de las partes o de sus abogados. *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 105 (2013). Véase, también, *Lugo v. Suárez,* 165 DPR 729, 737 (2005). La inobservancia de estas reglas impide que el Tribunal de Apelaciones pueda atender la controversia que se le presenta. *Pérez Soto v. Cantera Pérez, supra,* a la pág. 105.

En tales instancias, "[a]l tratarse de un asunto que incide sobre el poder del tribunal para adjudicar una controversia, la falta de jurisdicción se puede argumentar *motu proprio*". *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652 (2014); *Souffront v. A.A.A.*, 164 DPR 663, 674 (2005). Así pues, los foros adjudicativos no tienen discreción para asumir la jurisdicción en aquellos contextos en que no la tienen. *Rivera Marcucci et al. v. Suiza Dairy,* 196 DPR 157, 165 (2016). La ausencia de tal autoridad no es un

asunto que pueda ser subsanado. *S.L.G. Szendrey Ramos v. F. Castillo, supra*, a la pág. 883. Por tanto, "si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia". *R&B Power, Inc. v. Junta de Subastas ASG, supra,* a la pág. 698; *Mun. de San Sebastián v. QMC Telecom, supra*, a la pág. 660 (2014). En tales casos, la Regla 83(C)[3] del Reglamento del Tribunal de Apelaciones, nos otorga la facultad para desestimar el recurso, *motu proprio*, por carecer de jurisdicción para atender el mismo. *In re Aprob. Enmdas. Reglamento TA, supra,* a la pág. 115.

**B.**

La Regla 2 del Reglamento del Tribunal de Apelaciones, *supra*, preceptúa el alcance interpretativo de este cuerpo reglamentario:

> *Estas reglas se interpretarán de modo que propicien un sistema de justicia que provea acceso para atender los reclamos de la ciudadanía, que sea sensible a la realidad particular de los distintos componentes de nuestra sociedad y que informe a la ciudadanía sobre sus derechos y responsabilidades, conforme a los propósitos dispuestos en la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003.* Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA, supra,* a la pág. 1.

Ahora bien, como antes explicamos, el cumplimiento de las normas que rigen perfeccionamiento de recursos no puede quedar al arbitrio de las partes o de sus abogados. *Pérez Soto v. Cantera Pérez, Inc. et al., supra*, a la pág. 105. Por consiguiente, su acatamiento debe observarse rigurosamente. *Lugo v. Suárez, supra*, a la pág. 736.

Para constatar nuestra jurisdicción, es necesario que la parte peticionaria exponga en su recurso de *Certiorari* una

---

[3] **La referida disposición nos permite desestimar recurso en alusión a la Regla 83(B)(1), por carecer de jurisdicción. Asimismo, la Regla 83(C) del precitado cuerpo reglamentario, nos permite desestimar el recurso cuando no se ha presentado con diligencia, en referencia a la Regla** 83**(B)(3) del Reglamento del Tribunal de Apelaciones**.

referencia de la decisión recurrida, de conformidad con el inciso (c) de la Regla 34(C)(1) de este texto reglamentario apelativo:

> *(c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de certiorari. In re Aprob. Enmdas. Reglamento TA, supra, a las págs. 54-55.*

En armonía con lo anterior, la precitada regla exige que se incluyan las citas de las disposiciones legales que establecen la jurisdicción y la competencia de este Tribunal. Regla 34(C)(1) del Reglamento del Tribunal de Apelaciones, *supra*. A su vez, el recurso incluirá una relación fiel y concisa de los hechos procesales y materiales del caso, así como un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia. *Íd.* Igualmente, el recurso deberá contener una discusión de los errores señalados en referencia a las disposiciones de ley y la jurisprudencia aplicable. *Íd.*

Respecto al apéndice del recurso, los incisos (b), (c), (d) y (e) de la Regla 34(E) del Reglamento del Tribunal de Apelaciones, *supra*, exigen que este se presente con el siguiente contenido:

> *(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluidas las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.*

> *(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.*

> *(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, o que sean relevantes a esta.*

*(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia. In re Aprob. Enmdas. Reglamento TA, supra*, a la pág. 56.

### III.

Luego de examinar con sumo cuidado el recurso presentado por el Sr. Rodríguez Ruiz, determinamos que este adolece sustancialmente de los requisitos esenciales para su perfeccionamiento. En particular, contemplamos que su escrito incumple de modo significativo con las formalidades atinentes a la presentación de *Certiorari* dispuestas en la Regla 34 del Reglamento del Tribunal de Apelaciones, *supra*. Por consiguiente, nos encontramos imposibilitados de asumir nuestra jurisdicción. Veamos.

A esos efectos, notamos que el recurso sometido por el peticionario no exhibe una referencia a la decisión judicial cuya revisión solicita, y, no alude adecuadamente a la fecha concerniente a la notificación de la determinación recurrida. A su vez, percibimos que el escrito tampoco contiene una relación fiel de hechos procesales y materiales. Ni incluye una serie de señalamientos breves de aquellos errores que, a juicio del Sr. Rodríguez Ruiz, cometió el foro primario.

Además de tales deficiencias, observamos que, el apéndice presentado no se ajusta a la normativa contemplada en la Regla 34(E) del Reglamento del Tribunal de Apelaciones, *supra*. Ello, pues, nos percatamos que dicho apéndice no contiene la copia de una determinación final que nos permita ejercer nuestra facultad revisora.[4] Sobre este particular, enfatizamos que en este meramente consta la siguiente documentación: (1) la copia de una notificación de una Orden, en respuesta a una moción, cuya

---

[4] Sobre este asunto, advertimos que, la mera aseveración del peticionario sobre la existencia de un dictamen emitido por el foro primario, sin siquiera aludir a su notificación, no nos concede automáticamente la autoridad legal para atender su recurso.

procedencia no logramos precisar, y (2) la copia incompleta de ciertos fragmentos de un dictamen apelativo (KLCE0600896). No obstante, puntualizamos que tales documentos por sí solos no constituyen un dictamen susceptible de revisión judicial, toda vez que no exhibe determinaciones de hechos ni conclusiones de derecho a tenor con el inciso (b) de la Regla 34(E) del Reglamento del Tribunal de Apelaciones, *supra*.

Ante tales inobservancias, nos encontramos imposibilitados de activar nuestra jurisdicción, toda vez que el peticionario no sometió un recurso con la diligencia requerida para procurar su perfeccionamiento. Así, pues, las múltiples deficiencias identificadas en su escrito denotan un incumplimiento craso de las normativas reglamentarias que rigen a este foro intermedio apelativo, las cuales no puede quedar al arbitrio de la parte peticionaria. Véase *Pérez Soto v. Cantera Pérez, Inc. et al.*, *supra*, a la pág. 105. En vista de ello, nos corresponde desestimar el recurso de epígrafe de conformidad la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra*.

**IV.**

Por los fundamentos que anteceden, los que hacemos formar parte del dictamen, desestimamos el recurso presentado por el Sr. Francisco Rodríguez Ruiz, toda vez que carecemos de jurisdicción, según nos faculta la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones