ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| RORY D. CRAWFORD<br><br>Peticionario<br><br>v.<br><br>CARIBBEAN STEEL RIGGERS, INC., Y OTROS<br><br>Recurridos | TA2025CE00033 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: CA2025CV00143<br><br>Sala: 302<br><br>Sobre: Incumplimiento de Contrato, Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de septiembre de 2025.

Compareció el Sr. Rory D. Crawford (en adelante, "señor Crawford" o "peticionario"), mediante recurso de *Certiorari* presentado el 25 de junio de 2025. Nos solicitó la revocación de la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo (en adelante, "foro primario" o "foro de instancia"), el 6 de junio de 2025 y notificada el 9 de junio de 2025. En esa *Orden*, el foro primario declaró *No Ha Lugar* a una *Segunda Solicitud de Anotación de Rebeldía*.

Por los fundamentos que expondremos a continuación, se **deniega la expedición** del auto de *Certiorari*.

**-I-**

El 20 de enero de 2025, el señor Crawford presentó *Demanda* sobre incumplimiento de contrato, cobro de dinero y daños y perjuicios, contra Ricardo Lucke Jiménez y Kim Koch (en adelante,

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025 sobre designación de paneles en el Tribunal de Apelaciones.

"señor Lucke Jiménez" y en conjunto, ("el matrimonio Lucke Jiménez-Koch"), la Sociedad Legal de Gananciales compuesta por ambos; Caribbean Steel Riggers, Inc., (en adelante, "Caribbean Steel Riggers"); Mauro Antonio Blanco de Armas y Roe Doe (en adelante, "señor Blanco" y en conjunto, "el matrimonio Blanco-Doe); la Sociedad Legal de Gananciales compuesta por ambos y otros.[2] Alegó, en síntesis, que aceptó una propuesta por parte de Caribbean Steel Riggers para que le realizaran unos trabajos de construcción a su propiedad. Señaló que, aun sin culminar los trabajos solicitados, Caribbean Steel Riggers comenzó a reclamarle el pago del dinero acordado. Además, argumentó que Caribbean Steel Riggers y sus subcontratistas comenzaron a realizar los trabajos de forma apresurada, deficiente y como resultado, no cumplieron con los estándares mínimos de construcción. Por lo cual, solicitó indemnización como consecuencia del incumplimiento por parte de Caribbean Steel Riggers y sus subcontratistas.

Tras varios trámites procesales, el 31 de marzo de 2025, último día para contestar la demanda, los codemandados Caribbean Steel Riggers y el señor Lucke Jiménez presentaron una *Solicitud de Prórroga*.[3] Solicitaron al foro primario un término adicional de 45 días para conseguir representación legal.

En desacuerdo, el señor Crawford presentó el 1 de abril de 2025, una *Oposición a "Solicitud de Prórroga", y Solicitud de Anotación de Rebeldía.*[4] En esta, arguyó que los codemandados solicitaron una prórroga extensa sin dar razones para ello. Además, indicó que Caribbean Steel Riggers compareció por derecho propio y que nuestro ordenamiento jurídico no autorizaba la comparecencia, representación y defensa de una corporación a través de un oficial

---

[2] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (en adelante, "SUMAC-TPI"), entrada núm. 1, pág. 1-2.
[3] SUMAC-TPI, entrada núm. 17, pág. 1.
[4] SUMAC-TPI, entrada núm. 18, pág. 1.

que no es abogado. En vista de los anterior, solicitó al foro de instancia que declarara *No Ha Lugar* la solicitud de prórroga y que procediera a anotarles la rebeldía a los codemandados.

Ese mismo día, el foro primario notificó una *Orden* en la cual determinó *Ha Lugar* la solicitud de prórroga presentada por los codemandados Caribbean Steel Riggers y el señor Lucke Jiménez. En la misma, les concedió un término de 30 días para contestar la demanda.

Posteriormente, el 14 de abril de 2025, el señor Crawford presentó *Solicitud de Anotación de Rebeldía*.[5] Sostuvo que la parte codemandada, el señor Blanco, fue debidamente emplazado y que había vencido el término para contestar la demanda de epígrafe. Por lo cual, solicitó al foro primario que se le anotara la rebeldía.

A tenor con lo anterior, el foro primario emitió una *Orden* el 21 de abril de 2025, en la que declaró *No Ha Lugar* la solicitud de anotación de rebeldía presentada contra el señor Blanco.[6] El foro de instancia le indicó al señor Crawford que debía acreditar que el señor Blanco no era un militar de servicio activo y que éste no se encontraba acogido a las protecciones bajo el Código de Quiebras, 11 USCA sec. 101 *et seq,* (en adelante, Ley de Quiebras).

Continuado el trámite legal, el señor Lucke Jiménez y Caribbean Steel Riggers, presentaron el 2 de mayo de 2025, una segunda *Solicitud de Prórroga,* solicitando al foro primario un término adicional de 30 días debido a que estaban en el proceso de contratación de representación legal.[7] El foro primario acogió dicha solicitud el 5 de mayo de 2025.[8]

Más adelante, el señor Crawford presentó el 6 de junio de 2025, *Segunda Solicitud de Anotación de Rebeldía*.[9] Al notar que los

---

[5] SUMAC-TPI, entrada núm. 24, pág. 1.
[6] SUMAC-TPI, entrada núm. 27, pág. 1.
[7] SUMAC-TPI, entrada núm. 34, pág. 1.
[8] SUMAC-TPI, entrada núm. 35, pág. 1.
[9] SUMAC-TPI, entrada núm. 42, pág. 1.

codemandados Lucke Jiménez, Caribbean Steel Riggers y el señor Blanco (en adelante, "recurridos") no contestaron la demanda de epígrafe en el término dispuesto, solicitó al foro de instancia que les anotara la rebeldía. Junto a su solicitud, el señor Crawford acreditó certificaciones que las partes codemandadas no estaban activas en el servicio militar. Sin embargo, no presentó evidencia alguna sobre si los codemandados estaban acogidos a la Ley de Quiebras, *supra.* Esto es, el señor Crawford solo aseveró que no había sido notificado sobre la presentación de una petición de quiebras por parte del señor Blanco.

Posteriormente, ese mismo día, el foro primario declaró *Ha Lugar* una tercera solicitud de prórroga presentada por las partes Lucke Jiménez y Caribbean Steel Riggers.[10] Finalmente, el 9 de junio de 2025, el foro primario emitió una *Orden*, en la que declaró *No Ha Lugar* a la segunda solicitud de anotación de rebeldía y le ordenó al señor Crawford que presentara documentos en los que se acreditara que los codemandados no se encontraban bajo las protecciones que ofrece la Ley de Quiebras, *supra.*[11]

Insatisfecho con la determinación del foro de instancia, el 25 de junio de 2025, el señor Crawford acudió ante nos mediante el recurso de epígrafe, y señaló los siguientes errores:

> Erró el Tribunal de Primera Instancia al requerir la presentación de certificaciones negativas de haberse acogido a la protección de la Ley de Quiebras los Codemandados, Sr. Mauro Antonio Blanco, Sr. Ricardo Lucke-Jiménez y Caribbean Steel Riggers, Inc., como requisito previo a la anotación de rebeldía de estos, abusando de forma crasa de su discreción.

> El Tribunal de Primera Instancia incurrió en un craso abuso de discreción al denegar la anotación de rebeldía de los codemandados, Sr. Ricardo Lucke-Jiménez y Caribbean Steel Riggers, Inc., y concederles una tercera prórroga, pese a que dicha prórroga fue solicitada fuera del término que fijan las Reglas de Procedimiento Civil, sin que se hubiese expresado justa causa.

---

[10] SUMAC-TPI, entrada núm.44, pág. 1.
[11] SUMAC-TPI, entrada núm. 46, pág. 1.

Por su parte, el señor Blanco compareció mediante escrito intitulado *Posición del Recurrido Mauro Antonio Blanco Sobre Los Méritos del Recurso Incoado* y nos solicitó denegar la expedición del recurso. Los otros recurridos no comparecieron.

Así pues, perfeccionado el recurso, precedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**-II-**

## A. Certiorari

El recurso de *Certiorari* es un mecanismo procesal que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Distinto al recurso de apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de C*ertiorari* de manera discrecional. *García v. Padró,* 165 DPR 324, 334 (2005). Sin embargo, tal discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez*, supra, pág. 847.

En específico, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, a saber:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o

en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* este tribunal intermedio procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 42, págs. 59-60, 215 DPR ___ (2025). La referida regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari,* como sigue:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Íd.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que, de ordinario, el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y cuando se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de

cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no implica la ausencia de error en el dictamen recurrido ni una adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

En lo que respecta al caso de marras, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. Dado a eso, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003).  En consonancia con ello, nuestro más Alto Foro ha expresado en *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018), que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto".

**B. Anotación de Rebeldía**

Nuestro ordenamiento jurídico ha definido la rebeldía como la "posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal". *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580,

587 (2011). Sobre lo cual, la Regla 45.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, reza como sigue:

> Cuando una parte contra la cual se solicite una sentencia que conceda un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el secretario anotará su rebeldía.
>
> El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3 (b) (3).
>
> Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2 (b).
>
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

Véase, *Mitsubishi Motor v. Lunor y otros,* 212 DPR 807, 823 (2023)

Ahora bien, la anotación de rebeldía procede cuando la parte demandada no cumple con el requisito de comparecer a contestar la demanda u ofrecer una defensa a su favor, por lo que este no presenta alguna alegación contra las realizadas por el demandante o contra el remedio solicitado por este. *Rivera Figueroa v. Joe's European Shop,* supra, pág. 589; *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 100 (2002).

La aplicación de la rebeldía conlleva a que se den por admitidos todos los hechos bien alegados en la demanda presentada. Esta aplicación también autoriza a que el foro primario dicte sentencia si procede en derecho. *Mitsubishi Motor v. Lunor y otros,* supra, pág. 817; *Rivera Figueroa v. Joe's European Shop*, supra, pág. 598.

Sin embargo, el Tribunal Supremo ha reconocido que a una parte que se le imponga la rebeldía tiene como derecho a conocer el señalamiento, asistir a la vista, contrainterrogar los testigos de la parte demandante, impugnar la cuantía y apelar la sentencia. *Mitsubishi Motor v. Lunor y otros*, supra, págs. 825-826; *Continental Ins. Co. v. Isleta Marina,* 106 DPR 809, 817 (1978).

**C. Prórroga**

Cónsono a lo anterior y pertinente al caso que nos ocupa, la Regla 6.6 de Procedimiento Civil, *supra,* detalla los asuntos concernientes a las solicitudes de prórrogas, a saber, expresa que:

> Toda solicitud de prórroga deberá acreditar la existencia de justa causa con explicaciones concretas debidamente fundamentas. Cualquier solicitud de prórroga deberá presentarse antes de expirar el plazo cuya prórroga se solicita y hacerse conforme lo establece la Regla 68.2. El término de la prórroga comenzará a transcurrir al día siguiente del vencimiento del plazo cuya prórroga se solicita.

Por su parte, la Regla 68.2 de Procedimiento Civil, *supra,* dispone lo siguiente:

> Cuando por estas reglas, por una notificación dada en virtud de sus disposiciones o por una orden del tribunal se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción: (1) ordenar, previa moción o notificación, o sin ellas, que se prorrogue o acorte el término si así se solicita antes de expirar el término originalmente prescrito o según prorrogado por orden anterior, o (2) permitir, en virtud de moción presentada después de haber expirado el plazo especificado, que el acto se realice si la omisión se debió a justa causa, pero no podrá prorrogar o reducir el plazo para actuar bajo las disposiciones de las Reglas 43.1, 44.1, 47, 48.2, 48.4, 49.2 y 52.2, salvo lo dispuesto en éstas bajo las condiciones en ellas prescritas.

En particular, nuestro más Alto Foro ha expresado que para mostrar la existencia de una justa causa hay que presentar explicaciones concretas y particulares, debidamente evidenciadas, para que le permitan al tribunal concluir que el motivo de la tardanza es por una circunstancia especial razonable. *Lugo v. Suárez,* 165 DPR 729, 738-739 (2005).

En virtud de lo anterior, una prórroga solo debe concederse cuando el juez, queda convencido de que si no la concede estaría incurriendo en una injusticia. R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil,* 6ta. Ed., Puerto Rico, *LexisNexis* (2017), sec. 1803, pág. 234.

**-III-**

En el presente caso, el peticionario argumentó que el foro primario incidió y abusó de su discreción al requerir la presentación de unas certificaciones negativas de la protección de la Ley de Quiebras, *supra*, sobre los señores Blanco, Lucke Jiménez y Caribbean Steel Riggers. En síntesis, alegó que los recurridos no habían presentado una alegación responsiva en el término que disponían para hacerlo por lo que procedía que se les anotara la rebeldía. Además, indicó que el señor Lucke Jiménez y Caribbean Steel Riggers, solicitaron una tercera solicitud de prórroga para contestar la demanda, fuera del término que tenían disponible. Por lo cual, señaló que la determinación del foro primario fue errónea al concederles dicha solicitud.

Tras una evaluación del expediente ante nuestra consideración, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Tribunal de Primera Instancia. De los hechos presentados, surge que el foro primario ordenó al peticionario a presentar unas certificaciones sobre si los codemandados estaban acogidos bajo la protección de la Ley de Quiebras, *supra*, y que estos no se encontraban bajo el servicio activo militar, ello como requisito previo a la anotación de rebeldía. Del expediente surge que, el peticionario presentó unas certificaciones negativas relacionadas con el servicio militar. Sin embargo, no consta en el expediente que el peticionario haya cumplido con la orden de presentar evidencia que demostrara si les era aplicable a los recurridos la protección sobre la Ley de Quiebras, *supra*.

Por otro lado, de la situación de hechos presentada ante nos, se desprende que los recurridos, el señor Lucke Jiménez y Caribbean Steel Riggers, pidieron tres solicitudes de prórroga detallando que estaban en proceso de contratación de

representación legal. El foro primario bajo su criterio y discreción acogió las referidas solicitudes de prórroga.

Tal cual, esbozado anteriormente, el foro de instancia posee una discreción para prorrogar un término siempre y cuando medie justa causa. En el presente caso, los recurridos solicitaron prórroga para contestar la demanda porque estaban en el proceso de ser representados legalmente. Asimismo, en cuanto a la orden para que el peticionario sometiera certificaciones negativas bajo la protección de la Ley de Quiebras, *supra*, entendemos que, aunque no son un requisito para la anotación de rebeldía, el foro primario no abusó de su discreción al requerirlas. Del expediente no surge que el peticionario haya demostrado que el foro primario soslayó en el derecho vigente y en consecuencia abusado de su discreción. Tampoco hallamos criterio alguno bajo la Regla 40 del Reglamento del Tribunal de Apelaciones que nos mueva a variar las determinaciones del Foro primario.

Por lo cual, concluimos que no procede nuestra intervención en la *Orden* recurrida. Así pues, denegamos la expedición del auto de *certiorari*.

**-IV-**

Por los fundamentos previamente expuestos, se **deniega expedir** el auto de *Certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.  La Juez Barresi Ramos disiente sin opinión escrita.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones