Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| | | |
|---|---|---|
| Ing. Wilfredo Valentín Serrano, PE<br><br>Recurrente<br><br>vs.<br><br>Colegio de Ingenieros y Agrimensores de P.R.; Junta de Gobierno<br><br>Recurrido | TA2025RA00322 | **REVISIÓN ADMINISTRATIVO** procedente de la Junta de Gobierno, Colegio de Ingenieros Agrimensores de PR<br><br>Querella Núm.: Q-CE-24-010<br><br>Sobre: Violación Cánones de Ética Núm. 2, 3, 4, 5, 7 y 10 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de octubre de 2025.

Comparece por derecho propio el señor Wilfredo Valentín Serrano (Sr. Valentín Serrano o el recurrente) quien nos solicita la revisión de la Resolución dictada el 23 de agosto de 2025[1] por la Junta de Gobierno del Colegio de Ingenieros y Agrimensores de Puerto Rico (Junta de Gobierno del CIAPR o parte recurrida). Mediante el referido dictamen, la parte recurrida resolvió que el recurrente infringió una serie de cánones que regulan la profesión de la ingeniería. En consecuencia, confirmó la determinación emitida por el Tribunal Disciplinario y de Ética Profesional del Colegio de Ingenieros y Agrimensores de Puerto Rico (TDEP)

Luego de evaluar el recurso presentado por el recurrente, prescindimos de la comparecencia de las partes recurridas y procedemos a resolver. Véase Regla 7(B)(5) del Reglamento del

---

[1] Notificada el 3 de octubre de 2025.

Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a la pág. 15, 215 DPR __ (2025).

Examinada la solicitud de autos, la totalidad del expediente y el derecho aplicable, desestimamos el recurso, por los fundamentos que expondremos a continuación.

**I.**

El 23 de agosto de 2025, la Junta de Gobierno del CIAPR emitió una Resolución, notificada el 3 de octubre de 2025, en la cual resolvió que el Sr. Valentín Serrano infringió los Cánones 4, 7, 10 de Ética Profesional del Ingeniero y el Agrimensor. En consecuencia, suspendió al recurrente de su profesión durante el término de tres (3) meses, y le ordenó a comparecer a un curso de ética. A la luz de lo anterior, confirmó la sanción impuesta por el TDEP.

Inconforme, el 29 de octubre de 2025, el Sr. Valentín Serrano presentó ante nos un Recurso de Revisión Judicial. En esencia, nos solicitó que revoquemos la Resolución que determinó confirmar las sanciones impuestas en su contra.

**II.**

**A.**

Es norma reiterada que, "la jurisdicción es el poder o la autoridad que posee un tribunal o un organismo administrativo para considerar y decidir casos o controversias con efecto vinculante para las partes". *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Por su trascendencia, los tribunales ostentamos el deber de examinar nuestra propia jurisdicción, así como aquella del foro de donde procede el recurso ante su consideración. *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). En ese sentido, el primer factor que corresponde evaluar en toda situación jurídica es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de*

*Subastas ASG,* 213 DPR 685, 698 (2024); *Torres Alvarado v. Maderas Atiles,* 202 DPR 495, 500 (2019).

En lo concerniente a tales exigencias, es menester explicar que, el incumplimiento con las normas del perfeccionamiento del recurso incide en nuestro ejercicio jurisdiccional a nivel apelativo. Por tal motivo, el acatamiento de estas reglas no puede quedar al arbitrio de las partes o de sus abogados. *Pérez Soto v. Cantera Pérez, Inc. et al.,* 188 DPR 98, 105 (2013). Véase, también, *Lugo v. Suárez,* 165 DPR 729, 737 (2005). En tales instancias, "[a]l tratarse de un asunto que incide sobre el poder del tribunal para adjudicar una controversia, la falta de jurisdicción se puede argumentar *motu proprio*". *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652 (2014); *Souffront v. A.A.A.,* 164 DPR 663, 674 (2005).

Por tanto, "si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia". *R&B Power, Inc. v. Junta de Subastas ASG, supra,* a la pág. 698; *Mun. de San Sebastián v. QMC Telecom, supra,* a la pág. 660. En tales casos, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, nos otorga la facultad para desestimar el recurso, *motu proprio,* por carecer de jurisdicción para atender el mismo.[2] *In re Aprob. Enmdas. Reglamento TA, supra,* a la pág. 115.

**B.**

El inciso (c) de la Regla 59(C)(1) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA, supra,* a las págs. 82-83, dispone que el recurso de revisión de decisiones administrativas deberá contener una referencia adecuada al dictamen que impugna, y una alusión a cualquier moción o resolución que interrumpa o reanude el término para presentar un

---

[2] La referida disposición reglamentaria también nos permite desestimar el recurso por el fundamento establecido en el inciso (3) de la Regla 83(B) del Tribunal de Apelaciones, supra, el cual establece que procede la desestimación del recurso porque no se ha presentado con diligencia.

recurso de revisión judicial. A su vez, los incisos (e) y (f) de la referida disposición reglamentaria establecen que dicho recurso incluirá una relación fiel y concisa de los hechos procesales y materiales del caso, así como un señalamiento breve y conciso de los errores que a juicio del recurrente cometió el organismo administrativo. Íd. Igualmente, deberá contener una discusión de los errores señalados en referencia a las disposiciones de ley y la jurisprudencia aplicable. Íd.

Respecto al apéndice que acompaña al recurso, los incisos (a), (b), (c), (d) y (e) de la Regla 59(E) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, *supra*, a la pág. 84, exigen que este se presente con el siguiente contenido:

> *(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.*
>
> *(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del apéndice.*
>
> *(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.*
>
> *(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.*
>
> *(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a esta.* (Citas omitidas).

Por último, la Regla 70 de este texto reglamentario regula las formalidades aplicables a todos los recursos presentados a nivel apelativo:

> *(A) Todo escrito que se presente ante el Tribunal de Apelaciones deberá utilizar papel tamaño carta de ocho y media pulgadas de ancho por catorce pulgadas de largo. Cuando se trate de expedientes físicos, se deberá utilizar tamaño legal de ocho y media pulgadas de*

*ancho por catorce pulgadas de largo y estar impreso por un solo lado. En ambos casos, el escrito estará a doble espacio, en tipo pica o mayor (excepto las citas directas y las notas al calce), con un margen izquierdo no menor de una y media pulgada, y un margen derecho no menor de media pulgada. Si se utilizare un procesador de palabras, el texto se preparará en letra tipo courier o una letra similar de tamaño 12, y, cuando el expediente sea físico, se imprimirá con letras íntegras.* Regla 70 del Tribunal de Apelaciones, *supra*, a la pág. 95.

### III.

Examinado con sumo cuidado el recurso ante nos, determinamos que este adolece sustancialmente de los requisitos esenciales para su perfeccionamiento. En nuestro análisis jurisdiccional, contemplamos que el escrito presentado incumple de modo significativo con las formalidades atinentes a la presentación de los recursos de revisión de decisiones administrativas. Veamos.

En particular, observamos que el recurso sometido por el Sr. Valentín Serrano no exhibe una referencia adecuada a la decisión cuya revisión solicita, ni alude a su notificación o cualquier moción que haya interrumpido el término para recurrir a revisión judicial. Igualmente, destacamos que su escrito tampoco contiene una relación de hechos procesales y materiales precisos, ni expone de manera adecuada los señalamientos de error que levanta contra la parte recurrida. De igual modo, notamos que incumple con las formalidades contenidas en la Regla 70 del Tribunal de Apelaciones, *supra*, que regulan la presentación de recursos físicos en cuanto a las formalidades del espacio del escrito y sus respectivos márgenes. Por último, vemos que el apéndice no contiene la totalidad de los documentos concernientes a su reclamación, lo que impide constatar el tracto procesal de este caso.

Antes tales inobservancias, nos encontramos imposibilitados de establecer si el Sr. Valentín Serrano interrumpió oportunamente

el término para acudir a la etapa de revisión judicial, y si en efecto, recurrió ante nos en el periodo correspondiente. En vista de lo anterior, estamos imposibilitados de asumir nuestras facultades revisoras para atender el presente caso en sus méritos. En consecuencia, nos corresponde desestimar el recurso de epígrafe de conformidad la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra.*

## IV.

Por los fundamentos que anteceden, los que hacemos formar parte del dictamen, desestimamos el recurso presentado por el Sr. Valentín Serrano, toda vez que carecemos de jurisdicción, según nos faculta la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones